CASE 73.—ACTION BY MARY BAKER AGAINST JAMESON
        BAKER FOR A DIVORCE.—February 9, 1910.

## Baker v. Baker

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From the judgment plaintiff appeals.—Reversed.

1.  Divorce—Adultery—Evidence.—In a divorce action by a wife,
    evidence held sufficient to show adultery by defendant.
2.  Divorce—Adultery—Evidence.—To entitle a wife to a divorce
    on the ground of her husband's adultery, it is not neces-
    sary to prove him guilty beyond a reasonable doubt, but only
    to establish his adulterous relations by the weight of the evi-
    dence and to the satisfaction of the chancellor.
3.  Divorce — "Adultery" — Evidence — Statutory Provisions.—
    While under Ky. St. sec. 2117, to entitle a wife to divorce for
    the husband's adulterous conduct, it must be proved by two
    witnesses, or by one and strong corroborating circumstances
    that he is living in adultery with another woman, and there
    must be more than a single act to constitute living together
    in adultery, there need not be a living together continuously
    or for a given time, nor is it necessary for the man to abide
    in the same house with the woman; but, if he at stated per-
    iods or frequently spend the day or night with the woman,
    having carnal knowledge of her at will, it constitutes adul-
    tery.

W. C. G. HOBBS for appellant.

GEO. R. HUNT, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Revers-
ing.

This is an appeal from a judgment of the Fayette
circuit court dismissing an action brought by the ap-

pellant, Mary Baker, to obtain a divorce a vinculo and alimony from her husband, Jameson Baker, upon the grounds (1) of cruel and inhuman treatment of her by him for six months prior to the institution of the action; (2) that he had been and was living in adultery with another woman. Though duly summoned, appellee did not answer the petition, take any proof to refute its averments, or attend in person or by attorney the taking of depositions in appellant's behalf, of which he was legally notified.

We are of opinion that appellee's extreme neglect of appellant, his adulterous relations with other women, and the fact that his failure to support her compelled her to go to her father's home, all of which is shown by the evidence, fairly sustains the charge of cruel and inhuman treatment made in the petition, particularly as such treatment is further shown by the evidence to have continued for as much as six months before the institution of appellant's action.

We are further of opinion that the second ground of divorce is also sufficiently established by the evidence which shows appellee was actually living in adultery with a woman or women of notoriously lewd character, residing in bawdyhouses in the city of Lexington. This was made to appear by the testimony of two witnesses, both of whom were certified to be worthy of credit by the officer who took their depositions. One of these witnesses testified, in substance, that shortly before the action was instituted he saw appellee more than once publicly driving on the streets of Lexington with a common prostitute and inmate of a Megowan street bawdyhouse; that appellee frequently visited this woman and maintained illicit relations with her; and that he had loaned him money to pay his bills with her. The

other witness testified that he had seen appellee on several occasions in a Megowan street bawdyhouse, and at such times saw him take the same prostitute or another to an upstairs room and remain with her. These two witnesses further testified that Megowan street was known as a street of prostitution, and that the house in which appellee so frequently took a room with the prostitute was a house of ill fame. It is true that neither of these witnesses saw appellee commit the act of adultery, but a man so lost to all sense of decency as to openly consort with harlots on the streets of a populous city and to be frequently seen with them in a house of ill fame, and there availing himself of the usual means and opportunities for sexual intercourse with them, will be presumed to have given free rein to his lustful propensities, and to have committed the act of adultery with each opportunity. In other words, facts and circumstances, such as are furnished by the record before us, are sufficient to warrant the inference or conclusion that appellee was, as charged in the petition, living in adultery with the woman, or women, with whom he thus associated.

It should be borne in mind that, in order to entitle appellant to a divorce upon the ground of appellee's living in adultery with another woman, it was not necessary to prove him guilty beyond a reasonable doubt, but only to establish his adulterous relations with the other woman or women by the weight of the evidence and to the satisfaction of the chancellor. Persons intending to commit adultery do not, in advance, proclaim it from the house tops, or call in witnesses to the act. On the contrary, they court seclusion and secrecy in its commission, and hence it must usually be proved by the circumstances that

generally attend its commission. While the statute (section 2117, Ky. St.) will allow the husband a divorce upon proof by two witnesses, or one and strong corroborating circumstances, of a single act of adultery on the part of the wife, or such lewd, lascivious behavior on her part as proves her to be unchaste, without actual proof of adultery, to entitle the wife to a divorce on the ground of the husband's adulterous conduct it must be proved by two witnesses, or one and strong corroborating circumstances, that he is living in adultery with another woman. Why this distinction is made, if, indeed, any sound reason for it exists, we need not stop to inquire, but in view of the statute it must be recognized; hence, we can but admit that a single act of adultery on appellee's part would not entitle appellant to the divorce asked. To authorize it there must be proof that he was "living in adultery with another woman." As previously indicated, this was made apparent by the evidence introduced in appellant's behalf, which, as a whole, we regard convincing. While to constitute a living together in adultery there must be more than a single act, there need not be a living together continuously, or for a given time, nor is it necessary for the man to abide in the same house with the woman; but if he at stated periods, or frequently, spend the day or night, or any considerable part of his time with a woman, not his wife, at such times having carnal knowledge of her at will, though at other times he be domiciled with his wife, it constitutes the offense against the wife's marital rights which the statute declares a ground for divorce. Clark's Crim. Law, 318; Bodifield v. State, 86 Ala. 67, 5 South. 559, 11 Am. St. Rep. 20; Hall v. State, 53 Ala. 463. In our opinion the substance of

the issue here is the adultery. The time and place of its commission are mere inconsequential incidents. As well said by Mr. Bishop in his work on Marriage, Divorce, and Separation (volume 2, sec. 1353): "It is not necessary to prove that the adultery with which a party is charged should have occurred at any particular time and place. The court must be satisfied that a criminal attachment subsisted between the parties, and that opportunities· occurred when the intercourse in which it is satisfied the parties intended to indulge might with ordinary facility have taken place." It seems to us that in view of the authorities and under a fair common-sense construction of the statute the proof in this case is amply sufficient to sustain the charge that appellee was "living in adultery with another woman." Therefore the chancellor should have so held.

The proof clearly showed the residence of the parties to be in Fayette county for the statutory period, and that appellant was without fault with respect to the matters complained of in the petition. For the reasons indicated, the judgment is reversed and cause remanded, with directions to the circuit court to set aside the decree rendered, and, in lieu thereof, enter another granting appellant a divorce a vinculo, and alimony.