## Barnett v. Barnett.

Dec. 15, 1942.

Kinsolving & Reesor and Frank R. Cahill for appellant.

J. Ballard Clark and D. E. Wooldridge for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

The parties to this appeal were married in May, 1927, and separated in February, 1938. Mrs. Barnett was a widow without children, about 34 years of age, and Mr. Barnett was a widower about 45 years old with three children, 8, 14 and 16 years old. The wife sued for divorce upon the ground of cruel treatment. The defendant, husband, counterclaimed upon that ground and also charged adultery. The chancellor granted a divorce to the wife with alimony of $1,500 and an attorneys' fee of $300. She appeals and insists that the allowances are too little. Mr. Barnett cross-appeals and

insists that the divorce should not have been granted the plaintiff but to him, and that she is not entitled to recover anything from him.

The record discloses an unusual situation and places certain members of the family in an embarrassing position. It would serve no useful purpose for us to enter into a detailed discussion or recitation of the evidence. Appellant (plaintiff below) produced no evidence to sustain her charge of cruel and inhuman treatment except her own testimony. Appellee denies the charge, and the evidence of other witnesses tends to corroborate him rather than appellant. In Miller v. Miller, 229 Ky. 436, 17 S. W. (2d) 412, 415, in discussing a similar question, the court said:

> "Appellant is the only witness who speaks concerning appellee's treatment of her. Without recounting it, it is sufficient to say that, if true, she was subjected to treatment more cruel and degrading than beatings. But, in the absence of the slightest corroborative circumstances, and in view of appellee's denial of it, we must hold it insufficient to authorize a divorce a vinculo * * *."

See also, to a like effect, Yeary v. Yeary, 233 Ky. 691, 26 S. W. (2d) 536; Phelps v. Phelps, 176 Ky. 456, 195 S. W. 779. We are unable to see why the chancellor sustained appellant's charge of cruel treatment unless he took into consideration the charge of misconduct made against her in the counterclaim of appellee. But even so, it is the rule that a charge of misconduct by the husband against the wife does not afford grounds of divorce for the wife unless it is shown that such charge was intentionally false and maliciously made, or not made in good faith and upon reasonable grounds or information. In Horton v. Horton, 276 Ky. 104, 122 S. W. (2d) 793, 797, the court said:

> "Some argument is advanced, though we do not think seriously, that appellant was guilty of cruel and inhuman treatment, because of his unsustained charge of misconduct. The chancellor disposed of this contention (as we have done), saying:
>
> " 'While it is true that where a husband, without any grounds, accuses his wife of adultery, he is guilty of cruel and inhuman treatment, the mere fact that such charge is inadequately proven, does

not ipso facto entitle the wife to a divorce on the grounds of cruel treatment.' ''

See, also, Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932. If it be conceded that the charge of misconduct was not adequately proven, we doubt that the evidence shows bad faith on part of appellee in making the charge. Upon a review of the evidence on the whole case, petition and counterclaim, we doubt that appellant is favored with the preponderance of the evidence. Since, however, the chancellor saw proper to find in favor of appellant, we hardly feel authorized to disturb his finding.

Since the chancellor granted appellee a divorce, allowance of alimony followed as a matter of course. But in fixing the amount of alimony allowed a wife, many factors are taken into consideration.

The provision of Section 403.060, KRS, is that:
''If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable.''

The interpretation of ''sufficient estate of her own'' is that it shall be of such character and amount as will yield income or profits sufficient for her comfortable maintenance in a style suitable to her social standing. What her standard of living would have been had she remained the wife of the defendant is an important consideration. Kelly v. Kelly, 183 Ky. 172, 209 S. W. 335. The statute does not contemplate that no allowance shall be made out of the husband's estate if the wife could maintain herself by consuming her principal. As held in McAllister v. McAllister, 1 Ky. Opins. 333:

''It is then the duty of the court, upon decreeing a divorce of the wife from the bond of matrimony, to ascertain what are the annual profits of her estate, and what will be required for her maintenance in a style suitable to her condition in life; and if her profits are insufficient for the purpose, then the husband should be made to supply the whole deficiency or such part thereof as in view of the value of his estate should be equitable, and if by reason of the insufficiency of the husband's estate it would be inequitable to supply the whole deficiency, then the allowances should be graduated accord-

ing to the means of the husband and his ability to pay.

"To secure to her a proper maintenance or a contribution for that purpose out of the husband's estate is the sole object of the enactment, and that must be done on equitable principles, imposing no greater burdens on the husband, or his estate, than may be necessary to accomplish the object; and if upon a view of the situation of the parties, their relations, and the natural obligations either of them may be under to others, it would be deemed more equitable to make an annual allowance to the wife out of the husband's estate, payable quarterly, that mode should be adopted."

We now come to consideration of the question of the reasonableness of the alimony allowed appellant by the chancellor, and the sum allowed for her attorneys. A stipulation was filed as to the property each party owned and its value, excepting that of appellee's farm. The appellant has an estate of $10,267 and the appellee's property, other than his farm, is valued at $28,457. It appears that the farm is worth enough to give him an estate of between $45,000 and $50,000. It is further stipulated that the parties are worth about the same they were when they married. The income of neither is definitely disclosed, but it appears that that of the appellant is probably between $500 and $600 a year. While the appellant did not assist in the accumulation of appellee's estate, which is usually an important factor in fixing alimony, she was a good home-maker and assisted in the care of his children during their adolescence.

It may be conceded that the alimony allowed by the chancellor is smaller than is usually allowed the wife, once the value of appellee's estate is taken into consideration, if appellant was free from fault. As we have already stated, the evidence is not strongly convincing that appellant was free from fault, which is another important factor to be taken into consideration in fixing alimony. Harley v. Harley, 255 Ky. 370, 74 S. W. (2d) 195. Also, she has an estate of her own of the value of more than $10,000, and an income of $500 or $600 a year without spending or encroaching on her principal. What we said in respect to the weight to be given the chancellor's finding of fact on the evidence is also applicable

to his finding or conclusions as to the alimony. If it be conceded that there may be some doubt as to the sufficiency of alimony allowed, yet since the chancellor, who perhaps was in a better position to do equity between the parties than we may be able to do from a review of the record, we do not think that we are authorized to disturb the chancellor's judgment as to the alimony.

As to the sum allowed for attorneys' fee, we entertain a different view. The record is voluminous and it is manifest that a considerable amount of work was required in the preparation of the case. In view of the services rendered by appellant's counsel, the nature of the action and all circumstances considered, we are of the opinion that counsel should be allowed the sum of $500.

Wherefore, the judgment is affirmed as to the alimony allowed appellant, and reversed as to the attorneys' fee, and affirmed on the cross-appeal.

Whole court sitting.