## Bobbitt v. Bobbitt et al.

Feb. 18, 1944.

B. J. Bethurum, Gladstone Wesley, and John S. Cooper for appellant.

H. C. Kennedy for appellees.

Opinion of the Court by Judge Tilford—Affirming.

Since we are without power to reverse a judgment of divorce, KRS 21.060, and it is not contended that the $2,000 awarded the appellee, Florence Bobbitt, as alimony, or that the fee allowed her attorney, was excessive, measured by the size of appellant's estate, the questions presented for determination by this voluminous record may be narrowed to the single inquiry: Was appellant more at fault than appellee in bringing about the conditions which resulted in the disruption of their marriage? Luke v. Luke, 276 Ky. 683, 125 S. W. (2d) 251; Green v. Green, 152 Ky. 486, 153 S. W. 775. In thus simplifying the issues in order to avoid unnecessary discussion, we do not mean to imply that appellee was at fault in an appreciable degree. If she and her witnesses testified truthfully, she was not; and her position in this court is, of course, strengthened by the fact that the chancellor found in her favor and dismissed appellant's counterclaim for divorce on the ground of cruelty. Indeed, under our oft-repeated rule, it is incumbent upon us to affirm that finding if we have no more than a doubt of its correctness. The following brief summary of the salient features of the testimony, should, in the light of these principles, be sufficient to indicate the proper disposition of this appeal.

The appellant was sixty-seven years old and the appellee fifty at the time of their marriage on March 1 1939. Both had previously been married, and appellant's main fault seems to have been an undue susceptibility to the charms of the opposite sex. He was the owner of an apartment hotel or rooming house, which, appellee, after their marriage, helped him to manage; and the record is replete with accounts of his amorous efforts, the most successful of which were made on the premises. Some consisted merely of the solicitation of sexual favors; others, of the accomplishment or near accomplishment of his desires. Taken at its face value, this testimony falls far short of sustaining the charge contained in the petition that appellant had lived in adultery with another woman. On the contrary, his infidelities were casual and diversified. Baker v. Baker, 136 Ky. 617, 124 S. W. 866; Bottom v. Bottom, 143 Ky. 666, 137 S. W. 198 But, considering that these escapades were conducted in the hotel where he and his wife lived, and "right under her nose," the proof of them was sufficient to establish "cruelty," the other charge contained in the petition. Baker v. Baker, supra; Doolin v. Doolin, 211 Ky. 207, 277 S. W. 243.

Appellant denies the accusations, and seeks to explain the testimony of the women approached and the one who testified that he accomplished his purpose, by saying that on the two occasions he was discovered in women's rooms, he was there on wholly innocent missions, and by attempting to prove that he had been "framed" and the witnesses bribed by the appellee to testify falsely in order that she might obtain his property. However, we cannot say that he succeeded in thus exculpating himself. True it is that, with few exceptions, the women immediately concerned were of bad character, but, so also were most of the witnesses by whom appellant attempted to prove the alleged "frame-up" and bribery. Since the good character of appellee's witnesses by whom she attempted to prove appellant's adulterous acts was not proven, their testimony would not have been sufficient to authorize the court to grant a divorce on the ground of adultery, KRS 403.030, but the chancellor had the right to consider their testimony, together with other circumstances indicating appellant's predilections toward the fair sex, in determining whether appellant had been guilty of cruelty toward his wife. Moreover, appellee testified that appellant frequently,

while drunk, became cross and disagreeable when she would attempt to subdue his· loquacity in the presence of his guests. Finally, in attempting to defend himself against appellee's charges that he had contracted a loathsome bodily condition resulting from association with unclean women, appellant testified that this condition resulted from his relations with· appellee. This appears to be a gratuitous insult, since the record contains not one iota of proof against appellee's moral character. Of itself it would render a separation of the parties inevitable, since no self-respecting woman could continue to live with a man who would so accuse her.

Thus, without relating any more of the testimony, our reasons for refusing to disturb the judgment appealed from are made manifest. We are not infallible, and in the absence of omniscience, cannot say that the witnesses for appellee lied in describing their experiences with appellant. It is true that 'appellee, not unnaturally, kicked and cuffed appellant rather severely when she caught him in the room of the Disney woman, and that there is evidence that she was unduly anxious to procure a deed to his property while he lay ill as the result of an automobile accident; but to find any substantial fault with appellee, we would have to believe the testimony of discredited witnesses that she plotted the entrapment of her husband and suborned testimony against him, since these were the only charges made against her in the testimony which seriously reflected upon her integrity. Even if we should believe that appellant's casual infractions of the moral code could be classified as venial and insufficient to entitle appellee to the absolute divorce awarded her, we, as before stated, would be powerless to correct the chancellor's error in granting it. Our only certainty gained from reading the 566 pages of testimony is that it would be impossible for the parties to live together. It follows that we could not have more than a doubt as to the correctness of the chancellor's finding, which, though unexpressed except by the relief granted, must have been that appellee's fault, if any, was materially less than that of appellant.

Judgment affirmed.