## Baldridge v. Baldridge.

February 13, 1948.

Roy Helm, Special Judge.

584

Combs & Combs for appellant.

Joe Hobson for appellee.

OPINION OF THE COURT BY CLAY, COMMISSISONER—
Affirming.

The parties involved in this action are husband and wife. In a suit by the wife, appellee, the Chancellor granted an absolute divorce and awarded her $50 a month as alimony. The basis of the appellant husband's appeal is that no alimony should have been allowed, and the wife cross-appeals on the ground she was entitled to $75 a month.

The grounds for divorce alleged by appellee were: (1) cruel and inhuman treatment, (2) drunkenness, and (3) adultery. Apparently the divorce was granted on ground (1), as the other two grounds do not appear from the record to have been sufficiently proved. The only issues in the case are whether or not the wife was at fault, and if not, was possessed of a sufficient estate of her own.

The parties were married in 1921. They have two children who are not involved in this proceeding. They lived together happily until about 1942 when the wife filed a suit for alimony. The parties continued to live together, and that suit was dismissed.

As is not rare in cases of this sort, the principal difficulty seems to have arisen over another woman. The husband was on friendly terms with a certain lady whose reputation did not appear as the best. He was seen on a number of occasions talking to this lady, riding with her in his truck, and visiting with her a sick friend in the hospital. Practically all of these events took place in broad daylight, but there seemed to be some feeling in the neighborhood that the husband was "courting" this lady.

Coupled with this situation was the fact that the

husband would leave home at nights and sometimes stay out relatively late. This led to a feeling on the part of the wife that she was being mistreated, and the parties quarreled from time to time. One night in July 1944 the husband and wife had a vigorous quarrel in which the daughter and son-in-law participated. As a result the husband ordered the young people, who had been living at the home, to leave. The next day they left, and so did the wife.

There is a voluminous record in this case, most of which is irrelevant or unimportant. Reduced to its essence, the evidence supports the Chancellor's finding of cruel and inhuman treatment on the part of the husband.

The position of the husband on this appeal is that the wife was as much at fault as he was, or more so. It appears that he did attempt several reconciliations, and there is evidence that he did not commit the high crimes and misdemeanors of which he was charged. He was a hard working, sober man. His earnings were approximately $200 per month. While his daughter and son-in-law have turned against him, their testimony, as well as that of the wife, is heavily tinted with glittering generalities which hardly rise to the dignity of evidence. This is one of those cases where two parties could not keep their small private differences confined to the home.

It does appear from the evidence, however, that the husband's friendliness with the principal lady character was perhaps carried too far. It was sufficient to arouse suspicion, not only on the part of the wife, but on the part of neighbors. As once stated: "Trifles light as air to the jealous are strong as Holy Writ." This situation perhaps justified the wife in remonstrating with her husband and making efforts to have him desist from his actions.

In reviewing this record, it is impossible to determine with exactness the relative fault of the husband and wife which finally culminated in their separation. The rule as stated in Green v. Green, 152 Ky. 486, at page 489, 153 S. W. 775, 777, is as follows: "In questions relating to alimony the court is not called upon to compare these imperfect sympathies so as to determine, with certainty, which was most at fault; but,

where there is no moral delinquency upon the wife's part, it is a sufficient ground for giving her alimony that the husband, being the support of the family, was a substantial participant in the shortcomings which led to the separation.''

The evidence in this case indicates clearly that the husband was a substantial participant in the events which led to the final quarrel-on the night of July, 1944. It is apparent that his actions were the initiating and continuing causes of the difficulty. Were we in doubt as to the correctness of the Chancellor's finding on this question, we should of course accept and follow his judgment. Bobbitt v. Bobbitt et al., 297 Ky. 288, 178 S. W. 2d 977. We conclude, therefore, that the Court was justified in allowing alimony in some amount.

Appellant insists, however, that even though the wife might be entitled to alimony under ordinary circumstances, no allowance should have been made in this case because she had a substantial estate of her own. It was shown she has a one-sixth undivided interest in approximately 350 acres of land, with an estimated value of $18,000 to $40,000. Her interest, however, is as a remainderman, and the life tenant is still living. It does not appear that she receives any income from this property. Apparently the wife is in good health and has been earning approximately $50 a month for quite some time. She also has a possible one-half interest in the home occupied by the parties, this question being now in litigation.

The guiding principle is thus stated in Barnett v. Barnett, 292 Ky. 840, at page 843, 168 S. W. 2d 17, 18:

''The provision of Section 403.060, KRS, is that: 'If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable.'

''The interpretation of 'sufficient estate of her own' is that it shall be of such character and amount as will yield income or profits sufficient for her comfortable maintenance in a style suitable to her social standing. What her standard of living would have been had she remained the wife of the defendant is an important consideration. Kelly v. Kelly, 183 Ky. 172, 209 S. W.

335. The statute does not contemplate that no allowance shall be made out of the husband's estate if the wife could maintain herself by consuming her principal."

Under the circumstances the wife's estate is not sufficient to justify depriving her of alimony.

The remaining question is whether or not the allowance of $50 a month was adequate. We find that the Chancellor exercised a sound judicial discretion in fixing this amount, and we see no justification for increasing it.

For the reasons stated, the judgment is affirmed on the original and the cross-appeal.