604

# Baldridge v. Baldridge.

May 23, 1950.

Rehearing denied November 3, 1950.

Roy Helm, Judge.

Combs & Combs for appellant.

Joe Hobson for appellee.

JUDGE CAMMACK—Reversing.

On the first appeal of this case, Baldridge v. Baldridge, 306 Ky. 583, 208 S.W.2d 741, we affirmed a judgment which allowed Mrs. Baldridge $50.00 per month as alimony. In that case it was contended Mrs. Baldridge had a substantial estate of her own. It was shown, however, her interest was only that of a remainderman. It was pointed out in the opinion also that she had a possible one-half interest in the home occupied by the parties and that the question was then in litigation. As a matter of fact it was first adjudged that Mrs. Baldridge was the joint and equal owner of the home place; apparently, because she was named a grantee in

the deed along with her husband. However, that part of the judgment was set aside, and the parties were given leave to file amended pleadings and all questions in respect to the land were reserved for future adjudication. Mrs. Balbridge's amended petition was incorporated in the record on the first appeal.

Upon the return of the case Judge Roy Helm was again designated as special judge. He ruled that Mrs. Baldridge was a joint owner with her husband of the home place, designated as Tract No. 1, and that Mr. Baldridge was the sole owner of Tract No. 2. After the entry of that judgment Mr. Baldridge filed a motion asking that the alimony judgment be set aside. He set forth that, because of illness, and reduced income, he was no longer able to meet the monthly installments of $50.00. He charged also that his wife was guilty of immorality. This motion was not passed upon.

Upon the appeal Mr. Baldridge is insisting that he should have been adjudged the owner of all the property. On the cross-appeal Mrs. Baldridge is insisting that she should have been adjudged a joint owner of Tract No. 2 as well as Tract No. 1.

Tract No. 1 was conveyed to Mr. and Mrs. Baldridge by the husband's parents. The deed recited a consideration of $200.00. Tract No. 2 was conveyed to Mr. Baldridge by S. W. Rice. The consideration in that deed was $150.00. A home costing about $1500.00 was built on Tract No. 1. For the husband it is contended that the wife was made a grantee to Tract No. 1 solely because of their marital relations; that he paid the original consideration of $200.00; and that it was through his efforts that the home was built. On the other hand, Mrs. Baldridge said it was the intent of her husband's parents to convey a one-half interest in the property to her because of their affection for her and that she had contributed as much as her husband to the building of the home and to the purchase of Tract No. 2. Her proof showed that she tended a garden; kept boarders; served twice on the petit jury; and sold chickens, butter, milk, fruit and fancy quilt work. When asked why she felt she had contributed one-half of the money to the home, Mrs. Baldridge answered: ''Because I stayed at home and worked, picked berries and sold them, hoed corn, sewed and did

fancy work, outside of my cooking, care of the home and family; I did the washing and ironing, kept boarders, took care of the stock and raised a garden."

In the case of Woford v. Woford, 267 Ky. 787, 103 S.W.2d 296, it was pointed out that the husband is entitled to the services of the wife and that the rendition of household services was not "valuable consideration." In the case at bar, as in the case of Pruett v. Pruett, 178 Ky. 802, 199 S.W. 1073, there was no showing that the wife contributed any particular sum or sums toward the acquisition of the property.

Reliance is placed by Mrs. Baldridge upon the case of Powers v. Powers, 307 Ky. 475, 211 S.W.2d 687. Admittedly, the facts in that case are similar in some respects to those in this case. However, it was pointed out in the opinion that it was manifest in the evidence that, without the wife's contribution of labor, the husband would have been unable to retain a small farm which he had inherited and also the personal property on it. In that case the judgment awarding the wife a one-half interest in the realty and personalty was affirmed.

In some respects the case is more analogous to the case of Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362. In the original judgment in the Hanks case the wife was granted a divorce and custody of a child. There was no order restoring property obtained through or by reason of marriage. Subsequently, the husband instituted an action to recover certain property which was held in the name of the wife. The evidence showed clearly that the wife made contributions toward the acquisition of the property. It was pointed out that, in addition to recovering her portion of the proceeds of the sale of a certain piece of property, the wife might be entitled to alimony and an allowance for the support of the child. We said that, ordinarily, when a wife is granted an absolute divorce, without seeking alimony, she is thereafter precluded from recovering it. We noted an exception, however, where the question of alimony has not been litigated and the judgment of divorce does not contain an order of restoration of property and the husband subsequently seeks to recover property held in the name of the wife at the time of the divorce.

As we have noted, at the time of the entry of the original judgment it was assumed that Mrs. Baldridge was the joint owner of the home place. On this assumption she was allowed alimony in the amount of $50.00 a month. However, the original judgment was modified so that the question of ownership of property was left for future adjudication. We have noted also that Mr. Baldridge asked to have the original award of alimony set aside. While the last question is not directly before us, we believe that an equitable disposition of the case calls for a reconsideration of the whole question of alimony. We reached this conclusion because we believe that Mr. Baldridge is entitled to the restoration of all of the property. However, the question of alimony should be considered in the light of the ruling in the Hanks case. Probably it would be best to make a lump sum award in a substantial amount and to impress both pieces of property with a lien to satisfy the payment of the award.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.

Judge Helm not sitting.