**Marion SHEPHERD, Appellant,**

v.

**Hazel Bailey SHEPHERD, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1956.

T. E. Moore, Jr., Hazard, for appellant.

C. A. Noble, Jr., Hazard, for appellee.

CAMMACK, Judge.

Marion and Hazel Shepherd were married in 1943. Shortly thereafter, Marion purchased a small tract of land near Slemp, and built the house which became the family home. He earned his living primarily by running a country store, but occasionally did outside work. In the summer of 1955, Marion instituted this action, seeking an absolute divorce and the custody of the children, Juanita, age 11, and Willie, age 7. The grounds upon which the action was based were lewd and lascivious behavior, and cruel and inhuman treatment. In her answer and counterclaim, Hazel denied the charges made by her husband, and sought a divorce on the ground of cruelty. She asked for custody of the children, maintenance for them, and alimony. The trial judge dismissed Marion's complaint, and granted Hazel an absolute divorce and alimony in the sum of $1,500. He awarded her custody of the children, with $75 a month for their maintenance. The appeal is from the parts of the judgment awarding custody of the children and alimony to Hazel.

Marion's first ground for reversal is that the trial judge did not make separate findings of fact and conclusions of law. Although CR 52.01 provides that the court, sitting without a jury, shall find the facts specifically, there is compliance with the Rule if the court's opinion shows "an understanding analysis of the evidence, a resolution of the material issues of 'fact' that penetrate beneath the generality of ultimate conclusions, and an application of the law to those facts." Moore's Federal Practice, 2nd Ed., paragraph 52.05(1); Clay, CR 52.01. The trial judge's findings of fact are clearly evidenced in his opinion, and a remand would merely call for a repetitious statement of them.

Marion contends further that evidence of his wife's misconduct was overwhelming in his favor, and should preclude her from obtaining alimony and custody of the children. From our review of the record, we can find only one instance where evidence of her alleged infidelity was more than inconsequential. But in that instance the credibility of Marion's witnesses was weakened by evidence that their reputation for veracity was not good. The conflicts in the evidence raise no more than a doubt as to the correctness of the trial judge's conclusion accepting Hazel's

side of the story rather than Marion's. Under the circumstances we are not disposed to disturb that ruling. Bobbitt v. Bobbitt, 297 Ky. 288, 178 S.W.2d 977.

Aside from the testimony regarding his wife's alleged moral laxness, Marion offered no evidence to show that she was unfit to have custody of the children. Neighbors testified as to her industry and devotion to her children. She raised a garden, sold milk and took in washing to provide food and clothing for them. The elder child told of her father's brutality toward the family, and expressed a desire to remain with her mother. While the welfare of young children rather than their expressed desires is determinative, their wishes are entitled to some weight. Davis v. Davis, 289 Ky. 618, 159 S.W.2d 999. Then too, the custody question may be reviewed at any time by the trial judge upon proper showing. Heltsley v. Heltsley, Ky., 242 S.W.2d 973.

Judgment affirmed.