Martha M. McLAUGHLIN et al., Appellants,

v.

Frederick A. McLAUGHLIN, Appellee.

Court of Appeals of Kentucky.

July 1, 1966.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellants.

J. Allen Sherman, Louisville, for appellee.

CULLEN, Commissioner.

Martha M. McLaughlin and her attorney, Fielden Woodward, appeal from those parts of a divorce judgment which denied alimony

to Mrs. McLaughlin and any fee to her attorney, granted child-support allowances of $160 per month for each of five children until age 21 and awarded the husband a total of $8,000 as restoration of property.

At the time of the trial Mrs. McLaughlin was 45 years old, her husband was 46, and the children were 20, 16, 13, 12 and 9. The parties were married in 1942 and the divorce was granted, to the husband, in October 1963. The custody of the children was awarded to the wife, with directions that the husband pay $160 per month for each child until reaching age 21 or becoming emancipated (one is now past 21 and another is 19). Alimony was denied on the grounds that the wife was wholly at fault and had sufficient estate of her own. A fee for her attorney was denied on the ground that she had ample estate to pay the fee. The property in the joint names of the parties, consisting of a nice dwelling house with furniture and a $12,900 note secured by mortgage, was awarded to the wife as restoration of property contributed by her, subject to the payment to the husband of $1,000 as restoration of his contribution to the house purchase and $7,000 as restoration of an indirect contribution to acquisition of the note and mortgage.

The wife's total estate after restoration (including some securities that always have been her separate property) amounts to around $61,000. The husband has no estate at all, but earns a salary and bonuses, in an important executive position in a merchandising firm, of $30,000 per year.

■ As concerns the question of alimony, we think the court erred in denying it. As we read the evidence it does not warrant the conclusion that the wife was "wholly at fault" within the meaning of the rule barring alimony to a wife wholly at fault. See Coleman v. Coleman, Ky., 269 S.W.2d 730. While her conduct, consisting of excessive drinking and indulging in emotional extremes, was calculated to destroy permanently the husband's peace and happiness, it is reasonably clear that the husband's indifference, lack of consideration and unsympathetic attitude were contributing factors. The wife's actions were more those of an ill person than those of one purely mean. Certainly, after 20 years of marriage and the mothering of five children, the wife should not be held to have forfeited her rights unless she is guilty of "fault" without any justification or mitigation. We think the facts here are comparable to those in Snider v. Snider, Ky., 302 S.W.2d 621, where a finding that an emotionally disturbed wife was "wholly at fault" was reversed.

■ It is our opinion that the lower court erred also in finding that the wife has "sufficient estate of her own," within the meaning of KRS 403.060, as an additional ground for denying alimony to her. As hereinbefore stated, the wife has a separate estate of $61,000, including the home in which her equity is valued at $20,000. The home (or a home) must be maintained while the children are growing up, so that portion of her estate is not a free asset to her. Even counting the house, the *income* reasonably expected to be receivable from her estate would not exceed $2,500 per year.

This court has construed "sufficient estate of her own," as used in KRS 403.060, to mean that the wife's estate must be of such character and amount as will yield *income or profits* sufficient for her comfortable maintenance in a style suitable to her social standing, without her being required to consume the principal. Baldridge v. Baldridge, 306 Ky. 583, 208 S.W.2d 741; Barnett v. Barnett, 292 Ky. 840, 168 S.W.2d 17; see also Francisco v. Francisco, Ky., 331 S.W.2d 279.

■ An income of $2,500 per year would not come near to maintaining the appellant here in the style to which she was accustomed as the wife of a man with an income of more than $25,000 per year. Regardless of that consideration we think that in any event "sufficient" is a relative term, and that in determining what is sufficient estate for the wife the husband's income and es-

tate must be considered. Where the husband earns $30,000 per year, the wife's estate of $61,000 is relatively small.

It is our conclusion that the appellant wife is entitled to alimony and that an allowance of $250 per month would be proper.

With respect to a fee for the wife's attorney it is our opinion that, for the same reasons the wife's estate is not "sufficient" within the meaning of KRS 403.060, it is not "ample" within the meaning of KRS 453.-120. Accordingly, the husband should be required to pay the fee and upon remand of the case the trial court shall fix a suitable fee to be paid by the husband.

As concerns the support payments for the children, we think they are adequate.

As concerns the $1,000 restorable interest of the husband in the house, we think the judgment is proper.

As concerns the $7,000 restorable interest of the husband in the note and mortgage, we encounter difficulty. The trial court found that the husband had paid $7,000 out of his earnings to reduce a mortgage which the couple had placed on a dwelling they formerly occupied in Indianapolis, which dwelling originally had been purchased debt-free with the wife's money. The difficulty is that the evidence is not at all clear as to how much of the *borrowed money* went to increase the wife's estate. (Obviously, if the husband borrowed money on his wife's house, for his own personal use, the fact that he later paid the money back would give him no equity in the house.) There is evidence that some of the borrowed money was used to "add a room" to the house and some for a drainage system. But the husband said that "we used some of the money to purchase a car." Under this evidence we think that the most liberal allowance that could be made to the husband would be $4,000, and we direct that the $7,000 allowance be reduced to $4,000.

(The appellant argues that the money paid on the mortgage did not come from the husband's earnings, but we think the evidence shows that of the total of $17,000 paid on the mortgage, $7,000 came from the husband's earnings and the remaining $10,-000 from the proceeds of sale of a hotel property.)

The judgment is reversed with directions to enter judgment in conformity with this opinion.