204 So.2d 734 (1967)
Margaret GORDON, Appellant,
v.
S. Hill GORDON, Appellee.
No. 67-25.
District Court of Appeal of Florida. Third District.
December 12, 1967.
Rehearing Denied January 4, 1968.
*735 Jepeway & Gassen, Joe N. Unger, Miami, for appellant.
Turner, Hendrick, Fascell & Guilford and John Kirk McDonald, Coral Gables, for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PER CURIAM.
By this appeal, the appellant-wife who was awarded a divorce seeks review of a lump sum award of $5,000.00 as alimony. She filed the original complaint, which was met with a counterclaim seeking a divorce. The chancellor took evidence on the issues as made by the pleadings, and rendered a final decree dissolving the marriage of 27 years duration and, among other rulings, made provisions for the custody and support of three minor children. No purpose would be served in detailing the events leading up to the dissolution of this union.
In fixing the award of permanent alimony, the chancellor put great stress on the fact that the wife had approximately. $90,000.00 in assets, $46,000.00 of which she received by inheritance and from which she received approximately $1,700.00 a year. The husband had a net worth of approximately $60,000.00. The chancellor had a right to take into account the earnings from the separate property of the wife in fixing alimony [Chaires v. Chaires, Fla. 1864, 10 Fla. 308; Mack v. Mack, Fla. App. 1959, 112 So.2d 861; Levison v. Levison, Fla.App. 1967, 193 So.2d 630], but he should not have required her to deplete her capital assets to maintain her standard of living. See: Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184; Barnett v. Barnett, 292 Ky. 840, 168 S.W.2d 17; Baldridge v. Baldridge, 306 Ky. 583, 208 S.W.2d 741; McLaughlin v. McLaughlin, Ct.App.Ky. 1966, 405 S.W.2d 22. The total payments that the husband is required to make at the present time seem ample for the support and maintenance of the children and are well within his ability to pay.
Prior to the statute change in 1963 [§ 65.08, Fla. Stat., F.S.A.], a chancellor could not award both lump sum and periodic alimony. Harrison v. Harrison, Fla.App. 1959, 115 So.2d 709; May v. May, Fla.App. 1962, 142 So.2d 110; Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291. And, if a chancellor awards lump sum alimony it appears a wife is without the right to avail herself of the provisions of § 65.16, Fla. Stat., F.S.A., relative to modification in the event of change of circumstances. Examining the record in light of all the circumstances, we do not find that the chancellor abused his discretion in the lump sum alimony award. However, we do think the decree should be and it is hereby *736 amended to reserve to the chancellor the right [upon a showing under § 65.16, Fla. Stat., F.S.A.] to modify the alimony awarded to the wife by providing for periodic payments in the future, if necessary.
Therefore, the final decree here under review is hereby affirmed as modified hereinabove.
Affirmed, as modified.