HOBSON, Judge.
Appellant appeals that portion of the final decree of divorce concerning alimony and other provisions which need not be enumerated here. The granting of the divorce itself is not challenged in this appeal.
The parties were married for approximately 24 years, from which marriage there were four children born. Appellant is 47 years of age.
The appellant in her counterclaim for divorce prayed that she be awarded lump-sum alimony in such manner as the court may deem equitable in all the assets acquired by the parties during their marriage. She also prayed for support for herself and the minor children. The court awarded as alimony the lump sum of $7500 payable in equal monthly installments of $250 until paid in full.
Appellant now challenges the granting of the lump-sum alimony and takes the position that the lower court abused its discretion in denying her permanent periodic alimony. The appellee has not challenged the correctness of the trial court’s award of lump-sum alimony. In view of the fact that the appellant prayed for lump-sum alimony and the appellee has not objected to the granting of the lump-sum award, we cannot hold that such award was erroneous even though under the facts of this case we might not, had we been the chancellor, have granted lump-sum alimony.
It had been held that a wife who has been awarded lump-sum alimony is precluded from availing herself of the provisions of Section 61.14, Fla.Stats., F.S.A., relative to modification of alimony judgments in the event oh a change in circumstances. Gordon v. Gordon, Fla.App. 1967, 204 So.2d 734; Schreiber v. Schreiber, Fla.1968, 217 So.2d 301.
In Gordon, supra, the final decree was modified to reserve to the chancellor the right upon a proper showing under Florida Statute 61.14, F.S.A. to modify the alimony provisions of the final decree by providing for periodic payments in the future if it became necessary.
We are of the opinion that the facts and circumstances appearing from the record in this case warrant the modification of the final decree as was done in the Gordon case, supra.
The other points on appeal have been carefully considered and found to be without merit.
Therefore, the final decree is hereby affirmed as modified.
LILES, Acting C. J., and McNULTY, J., concur.