78 So.2d 367 (1955)
Shirley KAHN, Appellant,
v.
Leonard KAHN, Appellee.
Supreme Court of Florida. Special Division A.
February 16, 1955.
Rehearing Denied March 14, 1955.
Roland W. Granat, Miami Beach, for appellant.
J. Ben Watkins (of Truett & Watkins), Tallahassee, and Carr & O'Quin, Miami, for appellee.
ROBERTS, Justice.
The plaintiff, appellant here, sought and obtained in the court below a divorce from her husband, the appellee here. On this appeal, the plaintiff complains only as to those portions of the decree which denied her request for alimony and required the cost of the litigation (except the Reporter's fee) to be paid out of the proceeds of the sale of certain property owned by the parties jointly, the remainder to be divided equally between them.
The parties were married several years ago while the plaintiff was in her 'teens. No children were born of the marriage. At the time the divorce decree was entered, the plaintiff was 25 years of age, and had a job paying her $30 per week. The defendant, who had a 50 percent service-connected disability for which he received $85.50 per month from the government, had a regular weekly take-home pay of $58.98. He made extra money for work at night and on holidays. In support of her claim of error respecting alimony, the plaintiff has brought here only a narrative statement of the record testimony showing the foregoing facts, together with the pleadings, the Master's Report, and the decree appealed from  her contention being that a wife who successfully sues her husband for divorce is automatically entitled to alimony under the rule stated in Montgomery v. Montgomery, Fla. 1951, 52 So.2d 276, 277, that "* * * where the husband has caused the separation he should remain liable for support." The problem is not quite that simple.
*368 Since its original enactment in 1828, our statute has authorized the Chancellor to make such allowance for alimony to the wife "as from the circumstances of the parties and nature of the case may be fit, equitable and just; * * *." Section 65.08, Fla. Stat., F.S.A. The wife's need and the husband's ability to pay was at an early date established as the criterion by which to determine what alimony, if any, was to be awarded the wife. See Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169, and cases there cited. Thus, there was no need for alimony on the part of the wife if she had a separate estate "adequate to her comfortable support." Chaires v. Chaires, 1864, 10 Fla. 308, 315, citing Bright, on Husband and Wife, p. 359. Ordinarily, however, in those days the husband was the "only hope of support" of an "unfortunate wife, who may have been abandoned by a dissolute husband and doomed to drag out a weary existence in married widowhood. * * *" Chaires v. Chaires, supra. And, indeed, until recent years, a divorced wife had little prospect of being able to work and earn a livelihood, and it was essential to a well-ordered society that she be appropriately maintained by her estranged husband so that she would not become a charge on the community. Times have now changed. The broad, practically unlimited opportunities for women in the business world of today are a matter of common knowledge. Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has. We do not construe the marriage status, once achieved, as conferring on the former wife of a ship-wrecked marriage the right to live a life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way. The matter still rests  as it has since 1828  in the discretion of the Chancellor to make such an award for alimony as "from the circumstances of the parties and nature of the case may be fit, equitable and just."
We glean from the report of the Special Master (no part of the record relating to the testimony upon which the divorce was granted having been brought here) that the conduct of the defendant husband in this case was not especially execrable; in fact, the Master appears to have recommended granting a divorce to the plaintiff reluctantly, and solely on the "subjective" theory of divorce approved by this court  that is, for conduct which would not have been offensive to a person of normal sensibilities but which constituted "extreme cruelty" only because of the peculiar sensibilities of the plaintiff wife. It also appears that the only asset of the parties was the home and its furnishings, which had been originally acquired by investing the savings of the husband and upon which the down payments were thereafter made by him until he departed from the marital domicile, although title was taken in their names jointly. After the husband left, the wife remained in the home, together with her mother (who had moved in with them before the house was "fixed up yet"), her father, her brother and her sister-in-law, the latter persons moving in almost simultaneously with the husband's departure. The wife thereafter made the payments on the home of $47 per month, but she also received an allowance of around $25 per month from the government as the wife of a disabled veteran during the separation period. The Master found that the wife had completely recovered from any nervous disability caused by her marriage and was well able to support herself. The husband has a service-connected disability and is without accumulated savings except the home, which represents an investment of all his savings. He made a gift to his wife of one-half of this property. The Chancellor balanced the equities and determined that he had done his part, to which we agree.
Under the circumstances, we can not say that the Chancellor abused his discretion in refusing to grant alimony to the *369 wife, and that portion of the decree is affirmed. That portion of the decree which assesses one-half of the costs of the litigation against the wife must, however, be reversed under the authority of Kneale v. Kneale, Fla. 1953, 67 So.2d 233.
Affirmed in part and reversed in part.
MATHEWS, C.J. TERRELL, J., and SANDLER, Associate Justice, concur.