DREW, Justice.
When this case first came here on appeal from the final decree, we sent it back to the trial court with directions “to decide which, if either, party should be the victor and then, if a divorce is granted one of them, to decide the questions involving alimony and suit money.” [1] In compliance with our mandate the trial court entered its decree that the equities were with the husband and that the wife had been guilty of extreme cruelty. From this latter decree the wife appeals,[2] presenting two questions (1) the sufficiency of the evidence to support the findings of the chancellor that the wife had been guilty of extreme cruelty and (2) the sufficiency of the award of permanent alimony.
No useful purpose would be served by an extended opinion in this case. The principles of law involved have long since been settled by numerous decisions of this Court. The conclusions reached by the chancellor that the wife had been guilty of extreme cruelty to the husband during the two years and eight months they lived together are supported by competent substantial evidence the legal effect of which he properly construed.[3] Nor can we hold that the trial court’s determination of the amount of permanent alimony was an abuse of his judicial discretion when such award is considered along with' the gifts made to the wife during the relatively short period of this marriage.[4]
Affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and THORNAL, JJ., concur.

. Howell v. Howell, Fla.1958, 100 So.2d 170, 171.

. Armenian Hotel Owners, Inc. v. Kulhanjian, Fla.1957, 96 So.2d 896.

. At the time of the marriage the wife was 38, the husband 63. There were no children.

. Kahn v. Kahn, Fla.1955, 78 So.2d 367.