235 So.2d 532 (1970)
Leo ZOHLMAN, Appellant,
v.
Sylvia ZOHLMAN, Appellee.
No. 69-635.
District Court of Appeal of Florida, Third District.
May 19, 1970.
Rehearing Denied June 10, 1970.
Jack D. Burris, Miami Beach, for appellant.
Koeppel, Stark & Marks, Miami, for appellee.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
Divorce litigation was commenced by the wife, appellee herein. In the final judgment of divorce, the chancellor granted the divorce to her, and ordered the appellant to pay, as periodic alimony payment, the sum of $1,250.00 per month; moreover, the chancellor also ordered the appellant to pay, as child support for the minor son of the parties, $300.00 per month until the son either attains the age of twenty-one or otherwise becomes emancipated. The court further ordered that the appellant transfer to the appellee the sum of $80,000.00, as lump sum payment of the appellee's property rights. There were other property settlement provisions contained in the judgment of divorce, and the final one pertinent to this appeal is the court's order that the appellant pay the sum of $10,000.00 as attorney fees to the wife's lawyers.
The appellant now contends that the chancellor abused his discretion by entering the above orders in connection with the property rights of the parties and the amount of attorney's fees. We do not find merit in the appellant's contentions. At the time of the divorce, the appellee was fifty-seven years old and evidence was adduced to demonstrate that she existed in a poor state of health. It was also demonstrated that the wife had no personal assets of her own. Her husband, however, was shown to be a man of substantial wealth. His health also was very poor at the time of the divorce, and it must be added parenthetically that his death occurred subsequent to the divorce proceedings. (In this appeal the appellee does not seek to claim any right against the deceased husband's estate in regard to the periodic alimony payments *533 since such were contingent on the husband's survival.)
Evidence was submitted to show that the appellant had transferred business interests to his brother in return for consideration of the purchase of an annuity contract, under which the husband was beneficiary, which contract yielded approximately $55,000.00 per year. At the time of this transaction, the cost of the annuity contract amounted to almost One Million Dollars. There was also evidence to demonstrate that the appellant had stock holdings which were valued at the time of the divorce at $62,500.00. There was further evidence submitted to show that the appellant had engaged in a course of conduct intended to divest himself of large amounts of his substantial wealth, mainly by gift transfers and donations to family members. The court determined that, in view of the poor state of health of the parties and the absence of personal assets which the wife could utilize in sustaining herself for her remaining years, the lump sum award of $80,000.00 was proper. Moreover, acting pursuant to the authority contained in § 61.08, Fla. Stat. F.S.A., the chancellor ordered the payment of periodic alimony as well as the lump sum award. In view of the circumstances outlined above, we cannot construe the amounts awarded to the wife in this action as having constituted an abuse of discretion. The particular facts of this case leave no doubt that the chancellor properly characterized the financial status of the parties, contemplating the future needs of the wife and the present ability of the husband to pay, when he entered the final judgment of divorce. Arrington v. Arrington, Fla.App. 1963, 150 So.2d 473.
We do not view the award of attorney fees as being so excessive as to constitute an abuse of discretion. Expert testimony established the value of the case as greater than the amount ordered, and it appears to us from the lengthy record that the case involved such difficulty and required such skill of counsel as to make the $10,000.00 fee reasonable.
The remaining points on appeal are found to be without merit.
Therefore, for the reasons stated above, the final judgment of divorce being appealed is hereby affirmed.