247 So.2d 13 (1971)
Nancy McGARRY, Appellant,
v.
Peter McGARRY, Appellee.
No. 70-259.
District Court of Appeal of Florida, Second District.
April 2, 1971.
Rehearing Denied May 7, 1971.
Leonard Lubin, St. Petersburg, for appellant.
David F. Patterson, of Bryson & Patterson, St. Petersburg, for appellee.
PIERCE, Chief Judge.
Nancy McGarry, plaintiff below, appeals a final judgment of divorce, directing her *14 assignments of error to the sufficiency of the support provision and to the duration of the award of alimony.
The final judgment granted Nancy an absolute divorce and awarded her the custody of the two minor children of the ages of fifteen and thirteen. It ordered Peter, defendant below, to pay her $210.00 per month for each child, and $500.00 per month as alimony for a period of two years. After two years Peter was ordered to pay Nancy an amount equal to her gross earnings on a monthly basis, not to exceed $600.00 or to be less than $200.00 per month. It ordered that all payments for alimony should terminate when Peter was no longer required to pay child support or when the younger child reached twenty-one years of age, and that all alimony payments should terminate upon the death or remarriage of Nancy. The judgment further granted Nancy and the children the exclusive use and occupancy of the home until Peter was no longer required to make support payments or until the younger child reached twenty-one, and that during such time it would be Nancy's responsibility to bear all costs of mortgage payments, taxes and insurance on the residence. Nancy was given the exclusive use and possession of the Ford station wagon, and Peter was ordered to pay Nancy's attorney and Court costs. The Court retained jurisdiction of the cause and the parties for the entry of any future orders respecting the care, custody and support of the children.
In our opinion, Nancy has failed to demonstrate reversible error as to the amount of alimony and child support awarded to her. The evidence regarding the needs of the wife and children was somewhat conflicting, but the record reveals that the Chancellor fully considered the testimony and determine the amount to which the wife was entitled.
It has long been the rule that the amount of child support and alimony is within the sound discretion of the Chancellor. Chaires v. Chaires, Fla. 1864, 10 Fla. 308; Gregory v. Gregory, Fla.App. 1968, 208 So.2d 483. As stated in Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456, 458:
"It is well settled that the matters of allowance of alimony and child support are within the sound judicial discretion of the chancellor, based on the evidence presented, and due consideration of the needs of the recipients and the extent of the obligor's ability to meet these burdens. [Citations omitted] Such awards should not be disturbed unless they represent an abuse of discretion or are patently erroneous on the record; and an appellant carries the responsibility in an appellate court of clearly demonstrating such error."
See Olsen v. Olsen, Fla.App. 1965, 172 So.2d 276; Burnett v. Burnett, Fla.App. 1967, 197 So.2d 854.
As to the termination of the alimony payments, it is settled law in this State that the Chancellor may consider the divorced wife's ability to be employed and earn a living as a relevant material factor in determining her need for alimony. Kahn v. Kahn, Fla. 1955, 78 So.2d 367; Heller v. Heller, Fla.App. 1963, 151 So.2d 35; Whitehead v. Whitehead, Fla.App. 1966, 189 So.2d 397; 10 Fla.Jur., Divorce and Annulment, § 166.
In the case sub judice the parties had been married more than sixteen years; the wife was thirty-seven years of age, and had two years of college education. She worked the first year of her marriage to the defendant, but had not worked since that time. At the time of the divorce she had been receiving psychiatric care for over five years. In his order denying Nancy's motion for rehearing, the Chancellor stated that he felt that the alimony awarded Nancy was sufficient for her to re-establish herself, in that she might train herself for some sort of employment at a later time.
It is discretionary with the Chancellor to award a lump sum monetary settlement upon the wife even though payable in installments. But pure alimony as such cannot *15 be allowed and it be at the same time provided that it be cut off at a fixed date in the future. Schuberth v. Schuberth, Fla. 1951, 52 So.2d 332; Pross v. Pross, Fla. 1954, 72 So.2d 671; Katz v. Katz, Fla. App. 1964, 159 So.2d 241; Ortiz v. Ortiz, Fla.App. 1968, 211 So.2d 243. The judgment appealed should be modified to reserve to the Chancellor the right later upon a proper showing to modify the alimony provisions by extending the period for payment if the circumstances should later justify it or to otherwise alter the award as to the Chancellor at such subsequent time shall seem proper and equitable. Arthur v. Arthur, Fla.App. 1971, 243 So.2d 8; Gordon v. Gordon, Fla.App. 1967, 204 So.2d 734.
The judgment appealed is
Affirmed as modified.
LILES, J., concurs.
McNULTY, J., concurs specially, with opinion.
McNULTY, Judge (concurring specially).
I fully concur with the conclusions reached by my brother PIERCE in this case. That is to say, that the judgment herein be affirmed but modified to reserve to the chancellor the right later to modify the alimony provisions by extending the period for payment thereof. I would have been reluctant, however, to agree to such a modification had the portion of the judgment herein relating to alimony been entered pursuant to a stipulation or property settlement agreement expressly providing therefor in terms as outlined in the judgment. Accordingly, I do not consider either this case or Arthur v. Arthur,[1] in which I concurred, as precedent for ordering such modification when it is patent from the record that the alimony award was made pursuant to a stipulation. Ex mero motu modification under these circumstances would deprive the agreeing husband from being heard in the premises beyond the extent of his agreement.
NOTES
[1] (Fla.App. 1971) 243 So.2d 8.