PER CURIAM.
Appeal by the husband from certain provisions in a final decree of divorce for the wife.
The wife was awarded lump sum alimony of $183,750, payable over a period of nine years and eleven months. On appeal the husband argues error was made in the determination of his total assets resulting in an excessive award of lump sum alimony to the wife. The wife argues the husband failed to provide this court with all the evidence relating to the husband’s assets which were before the trial judge.
In order to disturb an allowance of lump sum alimony, the appellant is required, on appeal, to clearly show the trial court abused its discretion in the amount of the award. No abuse of such discretion has been clearly shown in this appeal. Ortiz v. Ortiz, Fla.App.1968, 211 So.2d 243; and Pollak v. Pollak, Fla.App.1967, 196 So.2d 771.
The husband argues next that the trial court had “no power to regain jurisdiction after nine years and eleven months have passed.” This is an improper statement as the final decree reserved jurisdiction for several purposes and there is no valid point concerning the trial court regaining jurisdiction. We note that counsel who prepared this point was not counsel who argued the case on appeal. The husband challenges only the reservation of jurisdiction by the trial court for the purpose of:
“Considering after the expiration of nine years and eleven months from June 1, 1971, the need of the Plaintiff, MARTHA HENDERSON LANGSTON, if any, and of the Defendant’s SHELBY PRESTON LANGSTON’S ability to pay alimony to the plaintiff, in periodic installments.”
The husband concedes the trial judge has legal authority to grant both lump sum and periodic alimony to a wife. See Fla. Stat. § 61.08, F.S.A., Barfield v. Barfield, Fla.App.1969, 226 So.2d 132; Gordon v. Gordon, Fla.App.1967, 204 So.2d 734. His position is the trial judge abused his discretion in awarding lump sum alimony and in reserving jurisdiction to possibly award periodic alimony at a future date.
We considered a fact situation somewhat similar in Zohlman v. Zohlman, Fla.App.1970, 235 So.2d 532. There, we found no abuse of discretion in the present lump sum award of alimony in the sum of $80,000 to the wife, with periodic alimony payments of $1,250 per month. In the case, sub judice, there may never be any award of periodic alimony under the terms of this final decree. The reservation of jurisdiction to determine the wife’s needs, in the future, was not an abuse of discretion under the facts herein presented to the trial judge. If the trial judge should abuse his discretion in making an award, or in *627 the amount of the award, of periodic alimony in the future, it may be reviewed at that time.
The husband also challenges the award and the amount of attorneys’ fees which the trial court required him to pay to the attorneys for the wife. We find no error in either of these points. See Zohlman, supra; Wilkerson v. Wilkerson, Fla.App.1965, 179 So.2d 592; and Turney v. Turney, Fla.App.1963, 149 So.2d 83.
The provisions of the final decree which are challenged by this appeal are
Affirmed.