290 So.2d 146 (1974)
Bettie B. SCHULTZ, Appellant,
v.
Robert H. SCHULTZ, Appellee.
No. 72-989.
District Court of Appeal of Florida, Second District.
February 8, 1974.
As Modified on Denial of Rehearing March 13, 1974.
Richard L. Mensh of Mensh & Mensh, St. Petersburg, for appellant.
Braxton R. Ezell, Bradenton, for appellee.
GRIMES, Judge.
The court below entered an order dissolving the marriage of the parties. The wife appeals from those portions of the judgment which relate to financial matters.
The husband is a practicing attorney who is earning approximately $36,000.00 *147 per year. The parties were married ten years. Prior to her marriage, the wife had worked as a stenographer with the County Health Department for $380.00 per month. She has not worked since shortly after her marriage. Her post high school education consists of a year and a half at business college.
There were three children born of the marriage whose ages are nine, seven and two. One of these has an undefined emotional problem. The parties' home was purchased about four years ago for $32,000.00. The testimony indicates that its value has enhanced to $40,000.00-$45,000.00. The home is encumbered by a $20,000.00 mortgage. At the time of the purchase of the home, the parties borrowed $8,000.00 from the wife's mother, of which $7,000.00 is still owing. The husband owns separate property worth at least $60,000.00, and the wife has personal assets having an approximate value of $2,000.00.
The court awarded custody of the children to the wife and ordered the husband to pay child support of $50.00 per week per child. The husband was also required to pay one-half of the major medical and dental expenses of the children. The wife was granted rehabilitative alimony of $50.00 per week for eighteen months. The home was awarded to the wife as lump sum alimony with the provision that the wife was obligated to assume the mortgage payment obligations thereon. The wife's claims of special equities in the husband's real property were denied, and the husband was ordered to pay attorney's fees of $1,000.00 to the wife's attorney.
The wife's contention that the judge erred in failing to set forth specific findings of fact in his order is without merit. The evidence supports the court's refusal to grant the wife a special equity in the husband's real property. Likewise, the claim that the court did not award the wife's attorney a sufficient fee cannot be sustained, particularly in view of the fact that the parties stipulated for the court to set a reasonable fee without the necessity of taking testimony. The remaining questions center around whether the court erred in failing to grant sufficient alimony and child support.
The law gives the trial judge broad discretion in determining the amount of alimony and support. Kahn v. Kahn, Fla. 1955, 78 So.2d 367. The burden is on the party seeking to disturb such an allowance to show that the chancellor abused his discretion. Gaer v. Gaer, Fla.App.3rd, 1964, 168 So.2d 789. Nevertheless, an appellate court is justified in increasing an award of alimony or support when an abuse of discretion is clearly perceived. McArthur v. McArthur, Fla. 1957, 95 So.2d 521; Royal v. Royal, Fla.App.3rd, 1972, 263 So.2d 277; Farbman v. Farbman, Fla. App.3rd, 1968, 208 So.2d 648. We believe that this is such a case.
The effect of the order below is to initially provide the wife with alimony of approximately $225.00 each month from which she will be required to make a mortgage payment of $199.00 in order just to be able to stay in the home in which the parties were living. At the end of eighteen months, she will have to make this payment from her own resources. The judge obviously contemplated that the wife would have to go back to work, a proposition with which we cannot disagree. However, she hasn't worked for over nine years, and there will be some limitation with respect to what she is going to be able to earn. In addition, she has a two year old child whose care she will have to finance for several years if she intends to work at all.
We are not unmindful that Florida has gone to the no-fault divorce and that today's woman should be considered capable of earning a living equivalent to her male counterpart. Nevertheless, until the realities catch up with this laudable objective, we think that a divorced wife faced with an everyday concern about the wherewithal *148 to put bread on the table should not be penalized where her former spouse has the ability to help her provide it.
Accordingly, we direct that the judgment be amended to provide that the husband shall be obligated to pay, as alimony, all of the mortgage indebtedness now on the house so long as the wife resides therein. In addition, that portion of the judgment which calls for the husband to pay one-half of the major medical and dental expenses of his children shall be amended so as to require the husband to pay the entire amount of such expenses. The amendments shall operate prospectively from the date of this decision.
The judgment is affirmed in part and reversed in part. The cause is remanded for the entry of an amended judgment incorporating the matters prescribed herein.
HOBSON, Acting C.J., and BOARDMAN, J., concur.