336 So.2d 1129 (1976)
Dianne Taylor SISSON, Petitioner,
v.
John P. SISSON, Respondent.
No. 47576.
Supreme Court of Florida.
June 30, 1976.
Argued May 6, 1976.
Rehearing Denied October 5, 1976.
M.J. Menge, Shell, Fleming, Davis & Menge, Pensacola, for petitioner.
Richard P. Warfield, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for respondent.
HATCHETT, Justice.
The Sissons were married in December, 1966, and a daughter, Stephanie, was born of the marriage. The marriage ended with entry of judgment of dissolution in June, 1973, which judgment was appealed to the District Court of Appeal, First District. That court overturned the trial court's alimony award, 311 So.2d 799, one judge dissenting, at 801, and Dianne Sisson petitioned this Court for a writ of certiorari, citing for conflict the decisions in Keller v. Keller, 308 So.2d 106 (Fla. 1974) (reh. den. 1975); Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); Baker v. Baker, 299 So.2d 138 (Fla.App.3d 1974); Schultz v. Schultz, *1130 290 So.2d 146 (Fla.App.2d 1974); Langston v. Langston, 257 So.2d 625 (Fla.App.3d 1972); Zohlman v. Zohlman, 235 So.2d 532 (Fla.App.3d 1970) and Sommers v. Sommers, 183 So.2d 744 (Fla.App.3d 1966). We grant certiorari and quash the decision below, with directions that the judgment of the trial court be reinstated.
Application of the rules for determining alimony is primarily the responsibility of the trial court, which is acquainted first hand with the evidence, and is also in a position to know local economic conditions. No question has been raised as to any other aspect of the dissolution judgment.
In order to disturb an allowance of lump sum alimony, the appellant is required, on appeal, to clearly show the trial court abused its discretion in the amount of the award.

Langston v. Langston, 257 So.2d 625 (Fla.App.3d 1972)
Here, as in Langston v. Langston supra, "[n]o abuse of such discretion has been clearly shown in this appeal." Id. In the absence of a clear showing of abuse of discretion, the judgment of the trial court should have been upheld, regardless of the merits of the alimony award, considered de novo.
At the time the trial court adjudged the marriage dissolved, respondent husband was a state employee earning an annual salary of $21,000.00, and had substantial assets, including property given to him by his parents, which was valued at approximately $218,000.00. Petitioner wife was unemployed at the time of the dissolution and had been unemployed for three years, although she is trained as a physical therapist. The only job possibility discussed at the hearing would have yielded Mrs. Sisson net monthly income of about $480.00. Her principal asset was a savings account in the amount of $1,600.00. She put on proof from which the trial judge could have concluded that her monthly expenses would amount to $1,270.00.
The trial judge awarded Mrs. Sisson half an income tax refund check (approximately $800.00), certain personal property (an 11 year old car, an 18 year old refrigerator, various other appliances) and, as lump sum alimony, $30,000.00. In reversing the alimony award, the majority below concluded that Mrs. Sisson did not need rehabilitation since she was already trained as a physical therapist.
Whether or not alimony is characterized as rehabilitative, the principal questions are the need of the spouse seeking alimony and the ability of the other spouse to pay. The general rule, where the husband is better off financially, was stated in Firestone v. Firestone, 263 So.2d 223 (Fla. 1972), a case which the District Court majority cited in its opinion:
[T]he primary criteria to be used in establishing the amount of alimony [are] the husband's ability to pay... and the needs of the wife, taking into consideration the standard of living shared by the parties to the marriage. Chastain v. Chastain, Fla. 1954, 73 So.2d 66; Schiff v. Schiff, Fla. 1951, 54 So.2d 36; Klein v. Klein, Fla.App. 1960, 122 So.2d 205; Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291; Sommers v. Sommers, Fla.App. 1966, 183 So.2d 744; Kaufman v. Kaufman, Fla. 1953, 63 So.2d 196; Astor v. Astor, Fla. 1956, 89 So.2d 645. But see also: Kahn v. Kahn, Fla., 78 So.2d 367, for a limitation on the amount of alimony award.
At 226.
When the wife is seeking alimony, determining the husband's ability to pay involves more than "the husband's income alone... . Among other things, consideration should be given to the husband's capital assets." Id.
With increasing opportunities for employment available to women, it may well be that wives today are generally less *1131 dependent financially on their husbands than their mothers were, and so less often in need of alimony if the marriage is dissolved. But care must be taken to avoid confusing the general with the specific and mistaking the promise of the future for the reality of the present:
We are not unmindful that Florida has gone to the no-fault divorce and that today's woman should be considered capable of earning a living equivalent to her male counterpart. Nevertheless, until the realities catch up with this laudable objective, we think that a divorced wife faced with an everyday concern about the wherewithal to put bread on the table should not be penalized where her former spouse has the ability to help her provide it. Schultz v. Schultz, 290 So.2d 146, 147-8 (Fla.App.2d 1974)
The disparity between the financial condition of husband and wife in the present case is much more pronounced than in Schultz v. Schultz, supra, where the trial court awarded alimony and the district court not only upheld the award but increased it. In the present case, the evidence showed, as Judge McCord said in dissenting below, that petitioner "is unemployed and is experiencing difficulty in finding employment because of the current economic recession ... [while respondent] can well afford to give financial assistance to [petitioner]". At 801.
The decision of the District Court of Appeal, First District, is quashed, and the case is remanded with directions that the judgment of the trial court be reinstated.
OVERTON, C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.