OTT, Judge.
This case and Maissen v. Maissen, 347 So.2d 798 (Fla.2d DCA 1977) (Case No. 76-1397, Opinion filed June 29, 1977) were filed on the same date, were tried by the same judge and treated together for certain purposes and then consolidated for appellate consideration. While the two cases arise out of a common set of facts and circumstances they each involve different parties and present different legal problems.
In this case the pleadings, as amended, the depositions and other evidence presented two fundamental issues to the lower court involving:
1.) Rescission of appellant’s deed of real property as to the interest of the ap-pellee.
2.) An accounting of cattle, equipment, bank accounts and other personal property.
Both of the parties moved for summary judgment in due course and the trial court granted the motion of the appellee. The effect of the final summary judgment was a complete disposition of the case on both points. The language, however, was limited to a denial of rescission of the deed to the real property. Neither the evidence presented to the trial court, its findings nor its judgment dealt with or purported to determine the rights of appellee and appellant as to the ownership of the other property or an accounting of the same as between them. The judgment specified that it was in no way to be interpreted as affecting the property rights of the appellee and his wife (daughter of the appellant) in their suit for dissolution of marriage.
We affirm the trial court insofar as its final judgment denies rescission of the appellant’s deed to the appellee but must reverse as to the summary judgment being a final disposition of the cause. The issues as to the rights of the parties to cattle, equipment, bank accounts and other property or accountings remain controverted and unresolved. The case must, therefore, remain open for such further proceedings as might be appropriate to their proper determination.
The appellant had occupied a top executive position with Sears Roebuck for a number of years. His responsibilities encompassed company operations in the continental United States, Puerto Rico and several South American countries. He, his wife and only child (a daughter) were in Venezuela sometime in the year 1955. There the daughter met the appellee, Maissen, and they were married about one year later.
Maissen was a Swiss national of Venezuelan citizenship and an employee of Pan American Airways in that country. He carried on various independent business activities in Venezuela involving land and currency speculation both individually and through a corporation. All property, bank accounts and other assets in Venezuela were and still remain in his name only. The appellee’s wife did not work during the marriage and had turned over to him a $10,000 cash gift from her mother and father at about the time they were building a home on a portion of the appellee’s land in Venezuela.
In the early 1960’s the appellant purchased 373 acres of raw and undeveloped land in Sarasota County, Florida. Shortly before his retirement the appellant commenced to develop the acreage into improved ranch land. Following retirement he and his wife moved to Sarasota in 1967 and the appellant devoted full time to the development and operation of a Charoláis cattle ranch, pioneering in the relatively new concept of breeding through artificial insemination.
The appellee had taken cattle husbandry courses from time to time and was generally interested in cattle raising but had never been personally involved in a cattle operation.
Inconclusive discussions occurred between the appellant and the appellee relative to appellee moving to Sarasota and joining the appellant in the ranch operation and development.
In 1969, the appellant and his wife deeded an undivided 45 percent interest in the *797 ranch real estate to their daughter. She was not given or ever considered to have any interest in the ranch income or its cattle, equipment, bank accounts or other assets by virtue of this deed.
On April 28, 1971, appellant’s grandson was born to the Maissens. Appellant’s wife died in July of 1971. He spent Christmas of 1971 in Venezuela with the Maissens. At that time he made a gift, by two written instruments, of 10 specifically described Charoláis cattle to his daughter and 10 to the appellee.
By this time the appellant was anxious to get out of the active operation of the ranch but did not desire to sell out as he felt it was a good investment and was now moving into a profitable operation. Thus, he pressed the appellee for a definite decision as to whether he would move to Sarasota and take over full management of the cattle ranch. The appellee agreed to do so as quickly as his affairs in Venezuela could be put in order. Appellant offered the appel-lee all of the profits realized from the ranch operation and personally guaranteed that this would not be less than $1,000 per month for the first year. There were discussions on the breeding process and other aspects of the ranch operation but no express requirements or commitments were made in that regard. There was no promise, request or even discussion of any transfer of the appellant’s remaining 55 percent interest in the land nor of the transfer of ownership of any of the other ranch assets.
The appellant’s daughter received substantial cash, jewelry and stocks — totaling approximately $60,000-$70,000 — from her mother’s estate during 1972 and 1973 which remained her individual property.
In 1972 appellee and/or his wife made one or more trips to the United States to look for suitable housing and attend to other matters preliminary to the move. They were settled in Sarasota by March of 1973.
In January, 1973, the appellant discussed with his daughter the advisability of ultimately titling the ranch in both her and her husband and/or appellant’s grandson. The daughter agreed but assumed the appellant referred to their future inheritance.
In February, 1973, the appellant made and recorded a deed of the remaining undivided 55 percent interest in the ranch land to the Maissens as husband and wife, thereby creating a tenancy by the entirety. The appellee and his wife were unaware of any intention of appellant to convey the land to them nor were they aware of the execution and recording of this deed until its delivery to them a few months later. The deed contained no condition on its face and there was no written or oral understanding, agreement, commitment or obligation requiring the conveyance or conditioning its transfer. No description or even general reference was made to cattle, cash, equipment or any other property in the deed. The appellant left the ranch in the hands of another man pending arrival of the Mais-sens in March, left on a vacation trip before they arrived and did not return until April or May.
The deed was physically handed to the appellee and his wife sometime in June or July of 1973. Appellee and his wife were surprised and overwhelmed. In the ensuing discussion there was again no mention made of any condition for the transfer of the land nor was there any mention of the transfer of ownership of any other property-
The appellant thereafter took no further part in the operation or management of the ranch. He began to travel extensively and ultimately remarried.
Marital differences developed between the appellee and appellant’s daughter. Due to changing economics and other factors the ranch failed to prove as profitable as originally anticipated. The appellee began to make frequent returns to Venezuela, on some occasions for six weeks or more. Ap-pellee also transferred substantial sums of money from a joint account with his wife for use in his Venezuelan ventures and became more involved apart from the ranch. He maintained separate bank accounts in Europe, Venezuela, Miami and Sarasota.
*798 This suit and the daughter’s petition for dissolution of marriage were filed on May 8, 1975.
The testimony of the appellant and his daughter utterly fails to suggest anything other than a voluntary and unconditional gift. Neither fraud, mistake nor any other basis for rescission of the deed of the real property has been demonstrated. See, e. g., Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (1927); International Realty Associates v. McAdoo, 87 Fla. 1, 99 So. 117 (1924). The summary judgment is therefore affirmed on this point.
The pleadings, as supplemented by the depositions, at least create a material issue as to a gift to the appellee of any of the cattle (other than those given in 1971), equipment and other property. It would even appear doubtful that there is sufficient competent evidence to support appel-lee’s claim that such a gift was intended. In any case, the summary judgment is reversed on this point and the cause is remanded for further proceedings including a complete accounting between the parties as their interests are made to appear.
BOARDMAN, C. J., and GRIMES, J., concur.