OTT, Judge.
This case and Lauck v. Maissen, 347 So.2d 795 (Fla.2d DCA 1977) Case No. 76-761, Opinion filed June 29, 1977) arise out of a common set of facts and circumstances. Reference should be made to Lauck v. Maissen for a fuller statement of the facts.
In the final judgment of dissolution of marriage, the lower court ordered child support of $200 a month for the couple’s only child; granted the wife the customary conditional exclusive use and possession of the jointly owned marital home with the requirement that the husband pay one-half of the taxes, mortgage payments and insurance thereon; and granted the wife, as lump sum alimony, all of the husband’s right, title and interest in the Dorado Ranch property. The wife’s father had made a gift of an undivided 55 percent of the ranch real property to the husband and wife as tenants by the entirety. (The wife owned the remaining 45 percent by a previous gift in 1969.) The gift to the husband and wife in 1973 occurred approximately two years prior to the institution of this dissolution action.
Upon the husband’s motion for new trial, rehearing and correction of judgment, the lower court was persuaded that the law would not permit the lump sum alimony award. It thereupon deleted the award. The final judgment was amended in that respect only.
Appellant/wife contends, and we agree, that the award of the appellee/husband’s interest in the ranch was a proper exercise of judicial discretion.
The parties were married for 20 years. The wife had not been employed during the marriage. At the time of dissolution, the wife was 46 years old. She is a college graduate with a liberal arts degree, but has no specific training in an employable skill. Her net worth prior to judgment was in the neighborhood of $290,000. Of this, approximately $70,000 (coming from her parents) is invested in securities, the return from which is about $5,000 annually. The remainder is made up of her 72V2 percent undivided interest in the ranch land which, according to the husband (ranch manager), is productive of little or no profit.
The 54 year old husband admitted to a net worth prior to judgment of at least $175,000 made up largely of assets out of the United States. The husband had transferred substantial sums of money out of the United States prior to and immediately subsequent to the divorce for his own purposes. His 27V2 percent interest in the ranch land was his only substantial asset (or source of income) in this country.
Implicitly, all the parties seem to agree that the maximum potential for the ranch lies in its essential preservation and continuation for the immediate future. '
In establishing the amount of alimony, the primary criteria are the husband’s ability to pay and the needs of the wife. Firestone v. Firestone, 263 So.2d 223, 226 (Fla.1972). In reaching a determination of a husband’s “ability to pay”, both the husband’s income and capital assets should be considered. Firestone, supra.
In Calligarich v. Calligarich, 256 So.2d 60, 61 (Fla. 4th DCA 1971) the court held that “[l]ump sum alimony is justified *800 only where it serves a reasonable purpose, such as rehabilitation, or where the marriage’s duration or the parties’ financial position would make such an award advantageous to both.” See Kennedy v. Kennedy, 303 So.2d 629 (Fla.1974); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). In setting lump sum alimony, the wife’s age and em-ployability are factors to be considered. McGarry v. McGarry, 247 So.2d 13 (Fla.2d DCA 1971); Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971).
The appellant/wife is clearly in need of lump sum alimony. It would seem unlikely that the wife could secure high paying employment. While perhaps her employment prospects are not “dismal”, see Patterson v. Patterson, 315 So.2d 104, 105 (Fla. 4th DCA 1975), there are certainly no “abundant opportunities for self-support.” See Kahn v. Kahn, 78 So.2d 367, 368 (Fla.1955). Moreover, even if the husband’s share of the Dorado Ranch property is awarded to her as lump sum alimony she will not be living a “life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way.” Kahn, supra. In essence, there is a significant disparity in the present earning ability of the husband and wife. Simply stated, his prospects are much brighter. See Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975); Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974).
The fact that the wife’s assets are greater than those of her former husband does not bar an award of lump sum alimony to her. See Gordon v. Gordon, 204 So.2d 734 (Fla. 3d DCA 1967); But cf., Kennedy, supra; Steinhauer, supra. In Gordon, the wife had a net worth of approximately $90,-000 while the husband had a net worth of approximately $60,000. In awarding lump sum alimony the court held that a divorced woman should not be required to “deplete her capital assets to maintain her standard of living.” 204 So.2d at 735.
Steinhauer and Kennedy are distinguishable. In Steinhauer the court found that the wife’s income and assets exceeded those of her husband. The court reasoned that the award of the entire one-half of the husband’s interest in the marital domicile to the wife as lump sum alimony would not be consistent with the parties’ financial situations. Important to the court was the finding that the wife’s contributions were not sufficient to create a special equity for her in the marital dwelling. In contrast, the instant case illustrates a situation in which the wife has been the source of their only major asset in this country — the very property to be awarded as lump sum alimony.
Kennedy is distinguishable in that the wife therein was quite prosperous and most capable of supporting herself. Simply stated, she had no need. The court found the fact that her husband was quite wealthy (much wealthier than she) to be irrelevant.
We are cognizant of the “new concept of the marriage relation implicit in the so-called ‘no fault’ divorce law” as discussed in Thigpen v. Thigpen, 277 So.2d 583, 585 (Fla. 1st DCA 1973):
[Placing] both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution. See Cummings v. Cummings, 330 So.2d 134 (Fla.1976).
However, Lash v. Lash, supra, is on point with reference to the troublesome problem of unemployable women in an era of equal employment opportunities for women:
In recent years with the advent of equal employment opportunities for women, many women have been able to acquire higher paying jobs. To that extent there has been less need for the payment of alimony by their former husbands. Yet, it is still the law that where the wife demonstrates the need and the husband has the ability to pay, he is obligated to support her at a standard reasonably commensurate with that established by him during their marriage. 307 So.2d at 243. See Sisson v. Sisson, 336 So.2d 1129 (Fla.1976); Gall v. Gall, 336 So.2d 10 (Fla. 2d DCA 1976).
Moreover, it was held in Schultz v. Schultz, supra, the following:
*801 [T]oday’s woman should be considered capable of earning a living equivalent to her male counterpart. Nevertheless, until the realities catch up with the laudable objective, . . . a divorced wife faced with an everyday concern about the wherewithal to put bread on the table should not be penalized where her former spouse has the ability to help her provide it. 290 So.2d at 147-48.
In Sisson v. Sisson, supra, the First District Court of Appeal reversed an award of $30,000 as lump sum alimony to the wife on the ground that she did not need “rehabilitation” because she had been trained and had worked as a physical therapist. The supreme court quashed the first district court’s decision, holding that the trial court did not abuse its discretion in awarding the $30,000 as lump sum alimony. The court found that the wife was a trained physical therapist who would not need retraining or further education to pursue her chosen field. She had worked as a physical therapist from 1958 until 1970. At the time of dissolution (the parties had been married ten years and had one child) she had been unemployed for three years and was experiencing some difficulty in finding employment because of the then current economic recession.
Unlike the trained physical therapist/wife in Sisson, the appellant herein has no marketable skills. To force her to deplete her capital assets is tantamount to ordering her to gradually decline into strained financial circumstances. The award of the husband’s 27V2 percent interest in the ranch as lump sum alimony — an interest given him by his wife’s father-— would seem to be the fairest resolution of the property interests and support requirement of the parties.
We find no error in the trial court’s denial of the wife’s claim to one-half of the moneys which the husband had appropriated from their joint recount and transferred to his South American ventures nor in the denial of the wife’s claim to permanent alimony.
The order of the trial court deleting the award of lump sum alimony from the final judgment of dissolution is reversed and the original judgment of dissolution is reinstated and affirmed in all particulars.
BOARDMAN, C. J., and GRIMES, J., concur.