351 So.2d 766 (1977)
Robert L. KOEPPEL, Appellant,
v.
Phyllis G. KOEPPEL, Appellee.
Nos. 77-366 and 77-616.
District Court of Appeal of Florida, Third District.
November 15, 1977.
*767 Koeppel, Stark & Newmark, Miami, for appellant.
John W. Watson III, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
In these consolidated appeals, a husband appeals from a final judgment of dissolution of marriage and a post final judgment order, and a wife cross appeals from the same judgments. We affirm the decisions below.
The parties were married for twenty-one years. At the time of the final hearing there were two minor children at home, aged fifteen and seventeen, and a nineteen year old away at college. The husband is an attorney, the wife a college graduate who recently became a licensed real estate salesperson, earning small sums through this vocation.
They owned, in joint names, a marital home in Coral Gables valued at approximately $187,000, encumbered by a $29,000 mortgage. They also owned property in the Florida Keys, the land having been given to the wife by her father, improvements thereon in the nature of rental apartments having been built by the parties while married. There were other extensive property holdings acquired during coverture, some in joint names, some solely in the husband's name. Both parties owned substantial assets, though each contested the other's estimated net worth.
The trial court entered a final judgment awarding the wife permanent alimony of $1,000 a month; child support of $200 a month per minor child until each reaches the age of eighteen; and ordering the marital home to be sold, but requiring each party to pay half of the taxes, insurance, and mortgage payments until it is sold. A special equity in the Keys property was found for the husband, which was awarded to the wife as lump sum alimony along with $15,000 from the husband's half of the net proceeds of the sale of the Coral Gables home. The wife was also awarded $2,500 attorney's fees for the dissolution proceedings, and, in a post judgment order, $750 attorney's fees for additional proceedings. Thereafter the trial court denied the wife's petition for modification. These consolidated appeals followed.
Appellant-husband assigns as error the trial court's award of permanent alimony to the wife, contending that rehabilitative alimony would have been proper, and also that the amount of the permanent alimony was excessive. He also asserts error in the trial court's award of lump sum alimony, in its determination of the amount of his special equity, and in its award of attorney's fees in the amounts stated.
*768 Cross appellant-wife contends, inter alia, that permanent alimony was correctly awarded, but the trial court erred in granting an insufficient amount; that the lump sum award is not enough; that she should have been granted special equities in additional properties; and that her petition for modification should have been granted in its entirety.
The function of the trial court is to evaluate the testimony and evidence from the perspective of immediacy available to it, to observe and weigh the demeanor and credibility of the witnesses and information presented. It is not the function of the appellate court to reevaluate the evidence, but merely to decide whether the judgment of the trial court is supported by competent evidence. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977).
A review of the trial court's judgments in the light of the record presented on appeal reveals no abuse of discretion. While we might have chosen to balance the distribution of the parties' assets differently, we find neither error nor abuse of discretion in the results it reached.
Nor are we able to conclude that the awards of lump sum and permanent alimony were error on the facts before us. See Schultz v. Schultz, 290 So.2d 146 (Fla.2d DCA 1974); Lash v. Lash, 307 So.2d 241 (Fla.2d DCA 1975); Maissen v. Maissen, 347 So.2d 798 (Fla.2d DCA 1977). The record reflects that the wife has assets of her own, and is healthy, educated and able to work. But she remains responsible for the care of teenage children, and has become accustomed to a relatively high standard of living over the term of the marriage. Moreover, the likelihood of a woman of her age being able to earn an income that would enable her to maintain a reasonably similar standard is slight, for she has not had the opportunity to enhance her earning capacity over the years through job experience, while the husband is a seasoned professional whose capacity for earning a living is well established. Despite annual variations in his income, nothing in the record indicates that his earning capacity will not continue at least at present levels, if not increase because of additional years of experience and expertise to be expected in the future. Based on the record before us and the mandates of Shaw and Herzog, supra, we affirm the decision of the trial court.
Affirmed.