AGNES N. BRAZNELL v. CARL W. BRAZNELL

191 So. 457
Division A
Opinion Filed October 6, 1939
Rehearing Denied October 30, 1939

Robert M. Thomson, John M. Murrell, William H. Malone and William J. Dunn, for Appellant;

Mitchell D. Price & Charles W. Zaring and S. S. McCahill, for Appellee.

THOMAS, J.—The complainant in the circuit court, appellee here, filed his bill for divorce charging the defendant, appellant, with habitual intemperance. An answer and cross bill, answer to the cross bill, supplemental answer and cross bill, answer to the supplemental answer and cross bill and supplemental amendment to the bill were lodged with the court by the respective litigants.

On these pleadings testimony was taken on the part of complainant, the transcription filling nearly four hundred pages.

At the conclusion of the introduction of the evidence offered on behalf of the complainant, defendant's counsel stated to the court that he had no testimony to offer and agreed that the master's report be filed immediately.

A formal stipulation that application for final decree be presented to the court without notice was signed by attorneys, all reputable members of the bar, representing the complainant and the defendant. Consequently, the chancellor entered a final decree granting a divorce to the complainant.

But three questions need an answer from this court to determine this controversy: (1) was the testimony sufficient to support the complainant's charges of misconduct by the defendant; (2) was the decree obtained by collusion; and, (3) did the court err in denying a petition for rehearing and motion to vacate the final decree.

A resume of the facts reflected in the evidence would be

of little, if any, value to the bar and of no worth to the parties and their counsel who are familiar with them. We dispose of the first question by simply stating that the charge of at least one of the grounds, alleging habitual intemperance was amply sustained.

The second point urged by appellant is that collusion was apparent in the record because of the statement of counsel indicating no further opposition to the suit after complainant's testimony was concluded and the stipulation that no notice would be required of application for a final decree.

It is contended further that this vitiating element was also evidenced by the establishment by complainant of a trust fund of $5,000 to be paid out in monthly installments to defendant. It is said in appellant's brief that this was consideration for the abandonment of any contest of the suit but we do not find this position supported by the record.

The affidavit filed in opposition to a motion to vacate the final decree contained the statement that "after the conclusion of plaintiff's testimony * * *" counsel for defendant importuned counsel for complainant to secure from their client some means of livelihood for the defendant and the trust was the result of the appeal.

The defendant's version was that consent to the entry of a final decree was given "under pressure and in view of the lack of evidence to defeat the suit * * *."

It would be useless to review the authorities dealing with collusion when the record is so free of facts to which the law on the subject could be applied. We are not prepared to say that collusion is suggested by the situation as it appears in this record. The history of the pleading and the quality of representation throughout the examination of witnesses convince us that appellant was ably defended. The act of counsel in announcing that no witness would be called is consistent with this client's sworn statement that

she had no evidence to defeat the suit. That an entreaty, after the announcement we have quoted, to the appellee to provide funds for the appellant was complied with would not even amount to a suspicious circumstance.

The final decree was entered and sixteen days afterward motions to vacate it and to rehear the case were filed by attorneys who had not theretofore represented movant in the cause. The bases of these motions were discoveries of new evidence of misconduct on the part of complainant and that false testimony had been given by him.

The appeal was taken from the final decree and "from the order denying the petition for rehearing."

Section 70 of the 1931 Chancery Act provides that "Every petition for rehearing shall contain the special matter or cause on which such rehearing is applied for * * *.

The two motions, because of their similarity, will be considered as applications for rehearing, although one of them is designated a motion to vacate the final decree and it has been announced that a supplemental bill in the nature of a bill of review is the proper method to obtain a rehearing after decree, even if it has not been recorded. Finlayson v. Lipscomb, 15 Fla. 558.

Such petitions are addressed to the sound discretion of the chancellor (Buffington v. Harvey, 95 U. S. 99, 24 L. Ed. 381, Simpson v. James R. Crowe Post No. 27, American Legion, 230 Ala. 487, 161 South. Rep. 705), and although we do not hold that rulings on them are not reviewable, as in these cases, we do decide that this court will not interfere unless an abuse of this discretion is clearly shewn.

It has been said that such petitions are generally analogous to motions for new trial, Feinberg v. Feinberg, 70 N. J. Eq. 420, 62 Atl. Rep. 562, and available, among other things, for the correction of error apparent on the face of the

record and for the purpose of introducing newly discovered evidence. Richmond v. Richmond, 62 W. Va. 206, 57 S. E. Rep. 736; Kooman's Fla. Chancery Pleading and Practice, p. 368. It is for the latter purpose that appellant resorted to them in the instant case.

Considering the function of motions for new trial and for rehearing on the ground of evidence lately discovered, it seems logical that the rules enunciated in Howard v. State, 36 Fla. 21, 17 South. Rep. 74, applicable to the former should govern the latter.

Substantially the same prerequisites for relief by supplemental bill to "bring forward newly discovered evidence" were announced by this court in dealing with that subject. It was held that such evidence must have been discovered since the decree must be reasonable, material, non-cumulative and non-auxiliary and of such character as would warrant relief under bill of review, and that the movant must have been diligent. Owens v. Love, 9 Fla. 325.

The appellant's effort to procure a rehearing was lacking in many respects. No excuse or explanation is attempted for not having produced her evidence at the trial. It is well to note that the entire record contradicts any suspicion that there was undue haste or lack of proper attention to the settlement of pleadings or introduction of testimony. We have drawn attention to the variety of pleadings filed and the proportions of the transcript. Nine months passed between the presentation of the bill and the entry of the final decree. All of these circumstances and others we have given doubtless influenced the chancellor in ruling as he did. He was justified in taking into account what he had observed in the conduct of the hearings before him and what he could glean from the master's report.

The failure to show diligence and to establish with any degree of certainty that the evidence was actually discov-

ered after decree is so patent that it seems futile to prolong this discussion with references to materiality of weight. The matter of cumulativeness cannot be the test here because, as appears before, no evidence whatever was offered.

The motions were properly denied and the orders thereon are—

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.