95 So.2d 521 (1957)
Frances H. McARTHUR, Petitioner,
v.
B.B. McARTHUR, Respondent.
Supreme Court of Florida, Special Division A.
May 31, 1957.
*522 Howard N. Pelzner, and Killian, Smith & Killian, Miami, for petitioner.
William J. Pruitt, Miami, for respondent.
O'CONNELL, Justice.
This is a petition for certiorari under Fla. Supreme Court Rule 14, 31 F.S.A. The petitioner, the former wife of respondent, seeks review of an order entered July 18, 1956 denying her an increase in alimony and of an order dated January 4, 1957 denying a petition for rehearing, denying an amended petition for rehearing, and denying an award of counsel fees to petitioner for the services of her attorneys.
The parties were divorced in August 1945. In the final decree the wife was awarded alimony in amount of $75 per week. The alimony award was reduced to $50 per week in July 1946 on petition of the respondent.
In June 1956 the petitioner filed a petition for increase in alimony. The respondent countered with a motion to modify the order of July 1946 by terminating further alimony payments on the ground that petitioner was able to work and thereby to support herself.
In her sworn petition for increase of alimony the petitioner alleges that the circumstances of both parties have changed since the last order relating to alimony.
Among other things she alleges that the respondent has greatly increased his income and his assets, and that he has recently inherited an estate in excess of $300,000 from his second wife, now deceased. She alleges further that while the respondent has lived and traveled luxuriously that she has had difficulty in making ends meet; that she will be required to give up her automobile because of lack of funds; and that she is in need of medical treatment. The record before us does not reflect any response to the petition.
*523 Testimony was given before the chancellor by both parties.
Mr. McArthur, the respondent, was an evasive witness. He testified that his income had increased since 1946 but that he did not know how much. He admitted that he had paid income tax in 1955 in excess of $50,000 and that he had borrowed $70,000 with which to pay the taxes. He testified that he owned various stocks, Bonds, mortgages and two tracts of land in Broward County totaling 741 acres. He testified that he had gradually increased his holdings. He testified he still owned the Hollywood Dairy.
Mrs. McArthur, the petitioner, testified that the sum of $10,000 received from an interest in real property at the time of the divorce had dwindled to about $5,000; that she had outstanding obligations of about $600; that she was suffering from anemia, high blood pressure and nervousness; that she had been working since the divorce but had to give up her job under a physician's advice; that she was 53 years of age. Her testimony was not contradicted.
On July 18, 1956 the chancellor entered an order denying the increase in alimony requested by Mrs. McArthur and denying the termination of alimony requested by Mr. McArthur.
On July 24 Mrs. McArthur filed a petition for rehearing of the order of July 18, and on September 4 filed an amended petition for rehearing. On January 4, 1957 Mrs. McArthur filed a motion for attorney's fees for successfully defending the attempt by Mr. McArthur to modify the alimony order. On January 4, 1957 the chancellor entered an order denying the petition and amended petition for rehearing and the motion for attorney's fees. This petition for interlocutory certiorari followed.
The respondent has made and argued a motion to dismiss the petition for certiorari on the ground that the petition was filed more than 60 days after the entry of the order sought to be reviewed. It is true that the petition was filed here more than 60 days after the entry of the order of July 18, 1956. However, the petition for rehearing was filed within 10 days from entry of the order. We held in Ganzer v. Ganzer, Fla. 1956, 84 So.2d 591 that a petition for rehearing in equity timely filed has the same effect for tolling the time for appeal as a motion for new trial in common law cases, whether or not a stay order has been entered. The petition for certiorari was filed in this Court within 60 days after the entry of the order denying the petition for rehearing, and therefore the petition is properly before us.
In the amended petition for rehearing of the order of July 18, 1956, Mrs. McArthur alleged that since the entry of said order that she had discovered that Mr. McArthur had sold a farm in West Hollywood, Florida, for a sum in excess of $1,000,000. She attached photostatic copies of deeds recorded in the Public Records of Broward County, Florida to support the allegation. Two of these deeds were dated August 15, 1956, the third was dated April 5, 1956. The documentary stamps affixed to the deeds seem to substantiate the allegations.
A petition for rehearing after entry of an order or decree is generally analogous to a motion for new trial. It is available for purpose of asserting newly discovered evidence. Braznell v. Braznell, 1939, 140 Fla. 192, 191 So. 457.
No motion was made to strike the amended petition for rehearing and the chancellor apparently considered it as properly before him when he entered his order of January 4, 1957. The amended petition was not sworn to as required by Fla.R.Civ. P. 3.16(a), 31 F.S.A. when facts not apparent upon the record are contained therein. This was not raised by the respondent. Further there was attached to the copies of deeds an affidavit to the effect that said copies of deeds were received from the office of the Clerk of the Circuit Court of Broward County, Florida.
*524 While it seems to us that it would have been far easier and more effective for Mrs. McArthur to have filed another petition for increase in alimony on the basis of the change in Mr. McArthur's financial condition because of the sale of said lands, it nevertheless appears to us that having considered the amended petition for rehearing it was error for the chancellor to deny it under the showing therein contained.
Considering the evidence taken from the parties prior to entry of the order of July 18, 1956 it is apparent that Mrs. McArthur had shown a change of condition on her part in that she was under care of a physician and under his advice had given up her employment.
The record before us reflects that at the time of entry of the last order on alimony in 1946, Mr. McArthur in obtaining a reduction relied upon a showing that
(1) Mrs. McArthur had since the entry of the final decree become employed, and
(2) he had recently paid Mrs. McArthur the sum of $10,000 for her interest in a home owned by the parties, and
(3) that while he had made some $14,000 net profit from his dairy operation in 1945, because of a cut in subsidy payments on milk by the U.S. Government and an increase in cost of feed for his cows, he would not have any profit in the year 1946, but would actually operate at a loss.
The master's report in the divorce proceeding indicates that Mr. McArthur at that time had assets of approximately $100,000. His testimony before the chancellor in the present proceeding indicated that he had for the year 1955 paid income tax in excess of $50,000. He admitted he had gradually increased his holdings and business. He did not refute the allegations of the petition that he had inherited in excess of $300,000.
It seems to us that the changes in circumstances in the financial condition of Mr. McArthur and Mrs. McArthur's condition of health and inability to work in themselves constitute sufficient cause to justify an increase in the amount of alimony which she should receive.
The further change in Mr. McArthur's financial condition as reflected by the amended petition for rehearing might perhaps justify even a greater increase in the sums which she should receive. This change of condition can be presented to the chancellor in the further proceedings to be had in this cause.
F.S. § 65.15, F.S.A. provides that on application by either husband or wife for an order increasing or decreasing the amount of alimony the court shall make such an order thereon as justice and equity shall require with due regard to the changed circumstances and the financial ability of the husband.
Justice and equity demand that a husband with the financial ability of the respondent in this cause pay to a wife, who has little separate property and who is unable to work to support herself, more than $50 per week.
Accordingly we hold that the denial of an increase in alimony to the wife was error.
Mrs. McArthur also contends that the chancellor erred in not awarding her counsel fees for defending the petition of Mr. McArthur to terminate payment of alimony. We held in Selinsky v. Selinsky, Fla. 1952, 62 So.2d 24 that attorney's fees were properly allowed for such defense. However, the matter is addressed to the discretion of the court and in this case it does not appear that Mr. McArthur made any effort to urge the chancellor to act on his petition. The effort of the wife was affirmative not defensive. We do not find that the chancellor abused his discretion in this particular.
For the reasons above expressed the writ is issued, the orders sought to be reviewed *525 are quashed and the cause remanded with directions that the petitioner be allowed to amend her petition for relief, if she desires, and that such further proceedings be had as are necessary to determine the amount of increased alimony which the respondent should pay to the petitioner with due regard to the changed circumstances of the parties as they be found to exist in such proceedings.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.