304 So.2d 483 (1974)
R.H. LONG, Jr., Appellant,
v.
Stella K. LONG, Appellee.
No. V-177.
District Court of Appeal of Florida, First District.
December 10, 1974.
William T. Basford, Jr., Jacksonville, for appellant.
Daniel A. Japour, Jacksonville, for appellee.
McCORD, Judge.
This is an appeal from a final judgment of dissolution of marriage. Appellant contends *484 the trial court erred in awarding appellee a special equity of 1/2 interest in the home, title to which was in appellant's name.
The parties were married for a period of 18 years and at the time of dissolution had two children, the oldest being 17 years of age. Both have been employed during all of their married life and each contributed their earnings to the family maintenance. At the time of the dissolution, she had net earnings of $81.50 per week and his were $122.56. They originally owned a home in estate by the entireties, which they had lived in for approximately seven years and then sold it when appellant's father deeded his home to appellant with the condition that he reside with them. The parties and their children then moved into the home with appellant's father and assumed the mortgage payments of $64.00 per month. Their mortgage payments on the previous home amounted to $41.50 per month. Appellant's father continued to live with them until he was forced to move by appellant because of an assault made by the father upon appellee. Appellee handled payment of the bills and managed financial and money matters of the family throughout the marriage. She contributed all of her earnings to the family, part of which went into the payment of the first home and into the mortgage payments of the second home. She made her contribution to caring for appellant's father until he assaulted her. She did not and does not have her own automobile and appellant has a new automobile. We consider the evidence supports the trial court's award of the special equity of a 1/2 interest in the home to the appellee. She is entitled to share this family asset with the husband.
In Windham v. Windham, 144 Fla. 563, 198 So. 202, the Supreme Court said:
"The Chancellor below was of the opinion and held that the property accumulated by the parties after marriage was paid for by the joint efforts and money of the parties to this suit. There is evidence in the record to support this view. The parties lived together nearly 35 years and accumulated property. It is well settled where a wife contributes money and industry over a period of years in the acquisition of property she is granted a special equity therein."
In divorce matters, the Chancellor has broad discretion and his judgment comes to the appellate court clothed with a presumption of correctness. It will be affirmed unless there is a showing of an abuse of discretion. West v. West, Fla.App. (1st), 260 So.2d 541. We find no abuse of discretion by the trial court.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.