367 So.2d 695 (1979)
Mary R. JOHNSON, Appellant,
v.
Robert L. JOHNSON, Appellee.
No. 78-300.
District Court of Appeal of Florida, Second District.
February 14, 1979.
*696 Claude H. Tison, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Lee S. Damsker of Gordon & Maney, Tampa, for appellee.
SCHEB, Judge.
Appellant wife challenges several provisions of the final judgment of dissolution. Specifically, she contends that the trial court erred in failing to award her permanent alimony, in refusing her request for a special equity in two parcels of land, in not awarding adequate child support, and in failing to require the husband to maintain the marital residence. We agree that the court erred in failing to grant her a special equity in one parcel of land, and that it should have awarded additional child support. On these two points we reverse; otherwise, we affirm.
The parties were married in 1966, a second venture for both. They have twin nine-year-old daughters. Neither party entered the marriage with any substantial assets.
At the beginning of the marriage the husband made $8,000 to $9,000 per year as a salaried employee. However, in October 1971 he and two associates began operating a sod business. Thereafter his earnings increased considerably, and approached $45,000 during the banner year of 1974. His income declined to $22,300 in 1975, and to $15,600 in 1976. In addition to his salary, husband received some fringe benefits from the company. He valued his one-third interest in the sod business at $40,000.
Previous to the marriage the wife worked as a garment inspector and sales clerk for a short time. During the marriage the wife was primarily a housewife, though she produced some income through the sale of berries and Christmas trees.
The parties jointly owned their marital home, a remodeled three-bedroom house on a 6.8-acre tract of rural land near Valrico. The husband valued the home and the immediate surrounding acre of land at between $35,000 and $45,000. He estimated the value of the remaining 5.8 acres at approximately $6,000 per acre. A $17,500 mortgage encumbered the entire property. Additional assets owned by the parties included household furnishings, an automobile, and two mobile homes.
The husband and his brother were equal record title holders of a 10-acre parcel of land known as the "Miley tract." The husband and one of his business partners also owned a 2.4-acre tract of land near Lithia. The husband valued his interest in the Milley tract, acquired in 1973, at $17,500, and his interest in the smaller tract, acquired in 1974, at between $4,000 and $5,000.
In the final judgment of dissolution the trial court awarded the wife rehabilitative alimony of $150 per month for four months, custody of the two children, exclusive possession of the marital home and the surrounding acre of land until the children attain their majority or the wife remarries, and the 1974 automobile and one of the mobile homes as lump-sum alimony.[1] In addition, the husband was required to maintain his health insurance for the benefit of *697 the children; to pay the wife $50 per week child support; and, to pay all mortgage payments, taxes, and insurance on the home place, with one-half of these payments to augment his equity in the property and the remaining one-half to be considered as additional rehabilitative alimony.
The 10-acre Miley tract was acquired in 1973 for approximately $22,000. Title was vested equally in the husband and his brother. However, in response to interrogatories the husband acknowledged that he considered himself and his wife to be joint owners of a one-half interest in this parcel. He reaffirmed this in his testimony at a pretrial deposition. The evidence at trial showed that the payments for the one-half interest in this tract came from an account containing joint funds which included the wife's earnings from the sale of berries and Christmas trees. Finally, the evidence also revealed that the wife had signed the purchase money mortgage and that she assumed that she was a joint owner of the property. She made at least one payment on the mortgage from her own account after the parties separated. We think this evidence was sufficient to establish a special equity in favor of the wife in the Miley tract. Long v. Long, 304 So.2d 483 (Fla. 1st DCA 1974); Wollman v. Wollman, 235 So.2d 315 (Fla.3d DCA 1970).
As to the smaller tract of land the husband owned with his business associate, the evidence showed that the payments were made largely from the husband's business account. The trial court did not err in refusing to find a special equity in favor of the wife in this parcel.
The wife's age, limited education, work history, and need to be with her preteen daughters all combine to forebode rather dim employment prospects for her. She will have a car to drive and a place to live and raise her family, but her financial resources will be limited to the $120 per month she receives from the rental of the mobile home awarded her.[2] Had any of us been the trial judge we might well have awarded her rehabilitative alimony for a longer period of time, or even permanent alimony. Likewise, we may have been inclined to require the husband to maintain the home place which the wife said was in need of repair. There was, however, conflicting evidence on this latter point. Be this as it may, we cannot say that the trial court erred in finding as it did in these respects as there was competent, substantial evidence to support its findings. In such instances it is our duty to affirm the trial court. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
We find it impossible, however, to sustain the trial court's child support award of only $25 per week per child. In light of today's cost of living and the needs the wife will have to meet, this figure is totally unrealistic. The law gives the trial judge broad discretion in determining the amount of child support. Kahn v. Kahn, 78 So.2d 367 (Fla. 1955). Nevertheless, an appellate court is justified in ordering an increase in support where, as here, it finds a clear abuse of discretion. McArthur v. McArthur, 95 So.2d 521 (Fla. 1957); Schultz v. Schultz, 290 So.2d 146 (Fla.2d DCA 1974). We think that $50 per week per child is the minimum realistic amount the trial court should have awarded as child support.
Accordingly, the trial court is directed to amend its final judgment to award the wife a special equity of one-half of the husband's interest in the Miley tract, and to require the husband to make child support payments of not less than $50 per week per child. In all other respects the judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] The husband was ordered to discharge a lien against the automobile and the wife was required to assume the $95 monthly payment on the mobile home.
[2] We do note, however, that the mobile home is now rented to the wife's son by a former marriage, and that the husband testified the present rental return may be somewhat below market.