BOARDMAN, Acting Chief Judge.
The wife in this dissolution proceeding challenges the amount of alimony and child support awarded and the trial court’s refusal to award her attorney’s fees. We agree that the amount of child support awarded is inadequate and reverse in part.
The husband earns approximately $16,000 per year, and the wife earns about half that. The husband has custody of the parties’ seventeen-year-old daughter; the wife has custody of their five-year-old twins. The trial court awarded the wife $100 per month alimony and child support of $25 per month per child.
While the husband is by no means wealthy, he definitely has the ability to contribute more child support than the sum awarded, and the wife has amply demonstrated her need for a greater amount.
Although we recognize that the trial court has broad discretion in determining the amount of child support, Kahn v. Kahn, 78 So.2d 367 (Fla.1955), an appellate court is nevertheless justified in ordering an increase in support when it finds a clear abuse of discretion. McArthur v. McArthur, 95 So.2d 521 (Fla.1957); Johnson v. Johnson, 367 So.2d 695 (Fla. 2d DCA 1979). In Alford v. Alford, 364 So.2d 1255 (Fla. 2d DCA 1978), we held an award of $62.50 per month for one child to be clearly inadequate. Further, we note that the parties’ seventeen-year-old contributes $30 per week to husband for her support, yet husband contends that this amount is “almost negligible.” Surely, if this is true, the even smaller award of $25 per month per child here is grossly insufficient. We submit that, under the circumstances demonstrated by the record in this case, $75 per month per child is the minimum realistic amount the trial court should have awarded.
We find no merit to the remaining points raised by appellant wife.
Accordingly, the portion of the trial court’s order awarding child support of $25 per month per child is vacated, and the cause is remanded with instructions to award child support in the amount of $75 *814 per month per child. In all other respects the judgment of dissolution is affirmed.
SCHEB and CAMPBELL, JJ., concur.