SHARP, Judge.
The husband and wife in this dissolution proceeding jointly owned a number of rental and commercial properties acquired during their sixteen year marriage. All but three properties — a rental unit at 4740 Tuscarora Road, a commercial property on Chil-dre Avenue, and a vacant lot on Violet Street — were held in the parties’ joint names. The other three properties were titled solely in the husband’s name. The trial court found no “special equity” interest for either party in any of this property, and it allowed the ownership of the property to follow the title holder. We agree that no special equity in the jointly owned property was clearly established by either party, and the property should be equally divided by the parties. However there is no basis in the record to deny a special equity to the wife in the three properties held by the husband in his sole name.
During the marriage the husband worked as an engineer for NASA at Cape Kennedy, Florida. The wife was a housewife, mother, and business partner in the parties’ family enterprise of acquiring rental and commercial properties. She raised the husband’s two young children by a prior marriage, and their son, and actively managed the rental properties, collected the rents, paid the mortgages and taxes, handled the bookkeeping, and supervised repairs, cleaning and complaints. The appellant-husband put various funds he obtained from inheritance and sources other than his salary, into the properties, but the wife similarly put funds from her inheritance and her family into the properties. The profits from the *774 rents were used to reduce the mortgages on the properties, and pay the taxes, and when the mortgages were paid, the parties refinanced the properties numerous times and used the funds to make down-payments on additional properties. The commingling of funds from separate inheritances with the joint funds and earnings of the parties from the husband’s salary and from the properties had gone on for such a lengthy time, it was impossible to unravel and separate the parties’ interests.
The record shows, however, that the three properties titled solely in the husband’s name were acquired and managed in the same manner as the other properties. Joint bank account funds were used to acquire them, and meet the mortgage and tax payments on them. The wife managed the rentals on these properties as she did all of the others. She testified that she considered she had a 50% interest in these three properties; and the husband himself admitted she was entitled to some interest in the properties, although he denied her right to as much as a half-interest.
A special equity interest is acquired by a spouse in properties titled in joint names, or in the other’s sole name in recognition of his or her contribution of funds or property or services above and beyond the performance of normal marital duties. Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Ball v. Ball, 335 So.2d 5 (Fla.1976). The three properties were acquired with jointly-owned funds,[1] whose ownership and source were substantially contributed to by the earnings of the other jointly owned properties and commingled funds of the parties.[2] After their acquisition, the wife undertook their management as part of the family business. Both parties testified she had an interest in the three properties.[3] Clearly the wife established a special equity in these properties. Because there is no basis in this record to treat these three business properties of the parties differently than the others, we reverse the lower court’s judgment on that point, and direct a finding that the wife established 50% interest in them.
We affirm the balance of the judgment.
REVERSED in part; and AFFIRMED in part.
UPCHURCH, J., concurs.
CROSS, J., dissents.

. Hill v. Hill, 123 Fla. 571, 167 So.2d 414 (1936); Williams v. Williams, 177 So.2d 865 (Fla. 3d DCA 1965).

. Knoblock v. Knoblock, 351 So.2d 387 (Fla. 1st DCA 1977); Scheidl v. Scheidl, 343 So.2d 963 (Fla. 1st DCA 1977); Long v. Long, 304 So.2d 483 (Fla. 1st DCA 1974).

. Johnson v. Johnson, 367 So.2d 695 (Fla. 2d DCA 1979); Wollman v. Wollman, 235 So.2d 315 (Fla. 3d DCA 1970).