ORFINGER, Judge.
Appellant contends that the trial court erred when in the final judgment dissolving the marriage, it failed to recognize her claim to joint ownership of the marital home, and instead awarded her only a special equity therein of $10,000. We agree, and reverse.
The parties were married in 1971 and at that time had little or no assets. Both worked from the time of their marriage, and the wife regularly turned over her paycheck to her husband, who was in the banking industry and who handled all the family finances. In 1977, using a small, borrowed down payment and financing the balance, the parties bought a home which was titled in their joint names. Shortly thereafter, the husband’s father died, leaving the husband an inheritance, out of which he used $17,000 to purchase in his own name the lot which forms the basis of the controversy.
In 1978, the parties sold the marital home, netting a profit of $14,000. They then jointly borrowed $45,000 from a financial institution with which, together with the $14,000 profit, they built a new home on the lot in question and then occupied it as their marital home. The husband apparently never told the wife that the lot was in his name only, and the wife assumed, incorrectly, that this new home was also entitled in their joint names. Joint funds were used to make the mortgage payments. At the conclusion of the trial the court found that the property was marital property, and gave the husband the choice of having it considered jointly owned property subject to a $20,000 special equity in the husband, or having it remain the husband’s sole property, with a $10,000 special equity in the wife. The husband chose the latter, and a judgment of dissolution of marriage was entered, including such an award. This appeal followed.
In Floyd v. Floyd, 383 So.2d 773 (Fla. 5th DCA 1980), we recognized the principle that a special equity is acquired by a spouse in property titled in the other spouse’s sole name in recognition of the claiming spouse’s contribution of funds or property or services above and beyond the performance of normal marital duties. Here, the home in question was acquired completely with joint funds, except for the initial payment of $17,000 for the lot, which came from the husband’s inheritance. The furniture in the home came partly from the old home, and the rest was purchased by the parties as they could. The earnings of both parties were pooled and used to pay their expenses, including the mortgage payments on both the old and the new home.
Under these circumstances it seems clear that the home was a marital asset, and that, except possibly for the initial contribution by the husband of the $17,000 from his inheritance, a special equity in the wife equal to one-half of the value thereof should have been recognized by the court. Floyd, supra; Johnson v. Johnson, 367 So.2d 695 (Fla. 2d DCA 1979); Long v. Long, 304 So.2d 483 (Fla. 1st DCA 1974); Wollman v. Wollman, 235 So.2d 315 (Fla. 3d DCA 1970).
The trial court should not have given the husband the option to determine who had the special equity; that was a determination to be made by the court. The record is clear, however, that the wife was entitled to a greater ownership interest than she was given, so we reverse the final judgment insofar as it determines the ownership interests in the “River Walk” property, with directions to award the wife an ownership interest therein equal to one-half thereof, provided that the trial court may reconsider the evidence or take new evidence as may be required, to determine what, if any, special equity therein is rightfully due the husband, and to award the husband such special equity therein as the court deems warranted.
REVERSED and REMANDED.
DAUKSCH, C. J., and SHARP, J., concur.