WHATLEY, Judge.
In case number 95-00210 of this consolidated appeal, the wife in this marital dissolution, Elizabeth Stevens, challenges an order on a motion for rehearing which requires her to share equally in any income tax liability incurred by either her or the husband, William P. Stevens, in 1993 and 1994, through the date of the final judgment of dissolution in July 1994. In ease number 95-00618, the husband challenges- an amended final judgment which requires him to pay $4,000 to the wife for the rental of the parties’ Port Royal residence for the month of December 1994: We find no merit in the husband’s challenge and thus affirm in case number 95-00618. We do, however, find merit in the wife’s challenges herein and thus reverse in case number 95-00210.
The final judgment of dissolution initially entered in this case provided that “the husband shall be solely responsible for the 1993 income taxes of the parties and all other taxes attributed to the assets retained by the husband.” In a subsequent motion for rehearing, the husband asserted that at the time of trial, the trial court was provided with only general estimates of the parties’ 1993 tax liability and that, since that time, the amount of such liability had been specifically determined.
At the ensuing rehearing, the evidence established that the parties’ actual 1993 tax liability was considerably less than that estimated at trial. Despite that fact, the trial court granted the husband’s motion for rehearing and entered an order which directed “[t]he parties [to] share equally in the income taxes incurred by either party for 1993 and 1994 through the date of the final judgment of dissolution of marriage,” which was July 21, 1994. The foregoing determination was also made despite the existence of a hold harmless and indemnity agreement entered into between the parties in October 1994. Pursuant to that agreement, the wife signed a joint 1993 tax return to obtain a tax savings for the husband, in exchange for the husband’s promise to indemnify her for any liability related to the parties’ 1993 taxes. Thus, as to the trial court’s order on motion for rehearing, the wife filed a timely notice of appeal.
On appeal, the wife primarily contends the trial court erred in granting the husband’s motion for rehearing. We agree. The record shows that the husband failed to establish his entitlement to a rehearing by failing to demonstrate, among other things, that: (1) he was in possession of new evidence that could change the trial court’s original disposition; (2) that such evidence was discovered since the trial; and (3) that such evidence could not have been discovered before trial by the exercise of due diligence. See Braznell v. Braznell, 140 Fla. 192, 191 So. 457 (1939); Bray v. Electronic Door-Lift, Inc., 558 So.2d 43 (Fla. 1st DCA 1989). The motion for rehearing in this instance was therefore improperly granted.
As to the merits of the trial court’s order, it bears mentioning that the record fails to support a determination that the wife should share equally in the parties’ 1993 tax liability. Our conclusion in that regard is based not only on the fact that the parties’ *229 taxes turned out to be significantly less than what was expected at trial when it was determined that the husband should bear the sole 1993 tax burden, but on the existence of the parties’ hold harmless and indemnity agreement as well.
Based on the foregoing, we reinstate the trial court’s original determination, as set forth in the final judgment, that the husband shall bear the sole burden of the parties’ 1993 tax liability “and all other taxes attributed to assets of the husband.” As to the parties’ 1994 income tax liability, we construe the aforementioned, “all other taxes” language to mean that for the period of January I,1994 through July 20,1994, each party will pay taxes on the proportionate share of 1994 income from which he or she benefited. On the other hand, each party will be responsible for the payment of his or her own 1994 income tax liability incurred after July 21, 1994, the date of the final judgment of dissolution.
Accordingly, the instant cause is affirmed in part and reversed in part consistent with the issues addressed herein. Any remaining issues not specifically addressed are otherwise affirmed.
THREADGILL, C.J., and CAMPBELL, J., concur.