715 So.2d 1073 (1998)
Marie Ange PIERRE-LOUIS, Appellant,
v.
Wilmard PIERRE LOUIS, Appellee.
No. 97-3602.
District Court of Appeal of Florida, Third District.
August 5, 1998.
Brett Feinstein, Miami Beach, for appellant.
Eric A. Waraftig, Miami, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
On this appeal, the former wife challenges that portion of the final judgment of dissolution making her equally responsible for a 1996 income tax liability. Based upon the factual findings made by the trial court in this case, we conclude that the court abused its discretion in this regard and reverse this portion of the judgment.
*1074 The parties were married on September 26, 1981. In 1992, the former husband opened an insurance office where he sold policies. The former wife left her former place of employment and went to work for him in the insurance business. In September 1995, however, the former husband terminated the former wife from their business and requested her to devote her time exclusively to caring for the parties' three minor children and marital home. At that time, the insurance business was becoming extremely successful. The former husband then removed the former wife's name from all joint bank accounts and had all financial documents forwarded to a post office box address. The lower court essentially found that, for all intents and purposes, the former husband controlled and manipulated all of the parties' finances.
The parties separated in 1996 and the former husband moved out of the marital home. For that year, the court found that $200,000 went into the former husband's various accounts and $290,000 went out, with no satisfactory explanation. During this time when the former wife remained unemployed, the former wife and the minor children received not more than $20,000 in support from the former husband. The trial court also found that for the year 1996, the former husband solely made the decision not to file or pay income taxes, which left the parties with a substantial IRS debt, plus penalties and interests. Rather than repaying the IRS debt, the court found that the former husband had repaid a loan from his brother with interest. The former husband further paid off the note on the car that he drives as well as the note on a car driven by his sister; moved savings from joint accounts into savings in his name alone; and spent funds after the dissolution proceedings had begun.
Despite these findings as well as its additional finding that the former husband, unlike the former wife, retained the ability to generate income from the business, the trial court divided the 1996 base tax liability equally between the parties, with the exception that the court made the former husband solely responsible for the tax penalties and interests. In so doing, under the facts of this case, we believe that the trial court abused its discretion. An equitable distribution of marital assets and liabilities must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based upon certain factors. See § 61.075(1), Fla. Stat. (Supp.1996). One such factor that the court should consider is the "economic circumstances of the parties." See id. § 61.075(1)(b). From the record before us, it is clear that the former husband has the superior financial ability[1] to pay the IRS debt where he was awarded the parties' greatest income generating asset the marital business. Moreover, it affirmatively appears in this case that it was the former husband and not the unemployed former wife who primarily benefited from this 1996 income for which IRS taxes are owing and due. Under both these circumstances, we believe that equity and justice dictates that the former husband be declared exclusively responsible for the 1996 IRS tax liability as well as the penalties and interests. See Hair v. Hair, 402 So.2d 1201, 1203 (Fla. 5th DCA 1981); see also Stevens v. Stevens, 666 So.2d 227, 229 (Fla. 2d DCA 1995); Lorman v. Lorman, 633 So.2d 106, 108 (Fla. 2d DCA 1994). We therefore reverse that portion of the dissolution judgment requiring the former wife to share the 1996 base tax liability.
As to the former wife's remaining challenges to the dissolution judgment, we find no abuse of discretion and affirm. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Reversed in part and affirmed in part.
NOTES
[1] Indeed, in awarding the former wife rehabilitative and permanent alimony, the court found that the former wife will earn less than fifty percent of what the former husband grosses, even after she completes her schooling.