775 So.2d 406 (2000)
Charles E. BRANCH, Appellant,
v.
Terry J. BRANCH, Appellee.
No. 1D00-0767.
District Court of Appeal of Florida, First District.
December 29, 2000.
*407 Mark M. Green and Richard R. Alexander of Coker, Myers, Schickel, Sorenson, Higginbotham & Green, P.A., Jacksonville, for Appellant.
Lyman T. Fletcher and Jeffrey A. Conner of Fletcher & Conner, Jacksonville, for Appellee.
JOANOS, J.
Charles E. Branch, appellant, appeals the financial aspects of the final judgment of dissolution of the parties' 35-year marriage. The issues presented concern (1) the trial court's decisions regarding equitable distribution of the parties' assets; (2) the award of permanent periodic alimony to appellee, the former wife; and (3) the award of partial payment of appellee's attorney's fees. We reverse.
We find the trial court erred in finding the equity of the marital home to be $29,000.00. There is nothing in the record to support such valuation, and the final judgment does not set forth the underlying rationale for this finding. Indeed, appellee concedes the trial court erred in this regard.[1]
We further find the trial court erred in determining that the tax lien incurred as a result of the former husband's failed business venture is not a marital debt. Pursuant to section 61.075(1), Florida Statutes, "the court must begin with the premise that the distribution [of marital assets and liabilities] should be equal, unless there is justification for an unequal distribution based on all relevant factors." One of the factors for consideration is "[t]he contribution of each spouse to the... incurring of liabilities." See § 61.075(1)(g), Fla.Stat. (1997). As a general rule, expenditures and investment decisions which do not rise to the level of misconduct will not support an unequal distribution of marital assets. See Murray v. Murray, 636 So.2d 536, 538 (Fla. 1st DCA 1994); Pierre-Louis v. Pierre-Louis, 715 So.2d 1073, 1074 (Fla. 3d DCA 1998).
In the instant case, the trial court found the former husband used money that normally *408 would have been paid toward taxes and invested it in a failing business venture, over the strong objection of the former wife. The court further found that even after the original tax liens were levied, the former husband made no effort to retire the debt, so that at the time of the final dissolution of the parties' marriage, the parties owed twice the amount of the original lien due to accrued interest and penalties. The court expressly stated that it did not consider the actual business losses of the failed business, because those losses were due to a marital enterprise, separate and apart from the tax lien amounts. The court noted, however, that the former husband's business generated income which he failed to apply toward paying off the tax lien and accrued interest and penalties. In addition, the court found that since the former husband managed the parties' finances, the former wife had no control over the nonpayment of the tax lien. The court concluded the record showed that the former husband has the superior financial ability to pay the Internal Revenue Service debt, and he, not the former wife, was solely responsible for incurring the tax debt. The court expressly found the debt to be nonmarital for purposes of equitable distribution, based on the court's determination that the former husband's conduct with regard to nonpayment of taxes depleted the marital estate. Therefore, the trial court ordered the former husband to assume sole responsibility for payment of the existing tax lien, including the increases resulting from the accrued interest and penalties.
It appears the trial court concluded it would be inequitable to hold the former wife liable for any part of the tax liability resulting from the former husband's failure to make an effort to pay the original tax liability. The record may very well support a view that the former husband was unwise in failing to liquidate the tax debt and in allowing it to increase to $90,000.00. However, there has been no showing that the funds which were not applied to the tax debt were diverted to some improper use that would justify treating the debt as nonmarital. Therefore, we conclude the court abused its discretion in finding the tax lien is not a marital debt.
Accordingly, we reverse the trial court's valuation of the equity in the marital home, and the finding that the Internal Revenue Service lien is not a marital debt. We have found no abuse of discretion with regard to the awards of permanent periodic alimony and partial payment of appellee's attorney's fees. Nevertheless, since our reversal of portions of the final judgment necessarily affects the overall plan for equitable distribution of the marital assets and liabilities, as well as other financial aspects, on remand, the trial court may reconsider the entire plan of equitable distribution, including the subjects of alimony and attorney's fees.
WEBSTER and PADOVANO, JJ., concur.
NOTES
[1] Appellee testified the equity in the marital home was $49,000.00; appellant estimated the marital home would have an equity of $80,000.00, after payment of a $90,000.00 Internal Revenue Service lien. Appellee suggests the error should be viewed as harmless, because after returning the $20,000.00 difference between the trial court's finding of value and appellee's testimony regarding value, the former husband still received $4,000.00 more in marital assets than the former wife. We decline to view the error as harmless on the facts to this case.