DAVIS, Judge.
Shawn E. Stephens, the husband, challenges the circuit court’s final judgment of dissolution, which awarded permanent periodic alimony to Elaine A. Stephens, the wife. Because the trial court’s factual findings do not support its award of permanent periodic alimony, we reverse.
In the final judgment of dissolution, the trial court found that this was a long-term marriage and that the wife required $20,000 $23,000 a year to maintain the standard of living she enjoyed during the marriage. This created a rebuttable presumption that the wife was entitled to permanent alimony. See Hill v. Hooten, 776 So.2d 1004 (Fla. 5th DCA 2001). However, the trial court also made the following factual findings:
Although the Court believes that the wife, through the marriage, has incurred and suffered a great degree of pain from her injuries [that were the result of multiple car accidents], there was no medical diagnosis of a disability presented to the Court establishing the wife incapacitated for full-time employment. The Court further finds the medical condition of the wife does not preclude the wife from gainful full-time employment in the area for which the wife has received extensive rehabilitative training and a rehabilitative college education. There was no indication at final hearing that the wife was suffering any emotional infirmities that would prevent full-time employment.
[[Image here]]
The wife has the ability to be employed in the field of graphic design at a greater pay rate and for more hours than the wife’s current part-time employment of $7.50 per hour for 21 hours per week. However, the evidence further shows that the wife has made little effort whatsoever to obtain further, substantial, full-time employment in the field of graphic design. The wife has not sent out resumes, applications for employment, nor sought any interviews for gainful, full-time employment. The wife does have the capability and capacity to earn more by use of more diligent effort. The credible evidence presented at trial established that the wife has the ability to earn an hourly wage of $12.00 to $13.00 per hour for employment in the graphic design arena and to work full time.
Although these findings rebutted the presumption of entitlement, the trial court awarded the wife permanent periodic alimony. This award was an abuse of discretion, cf. Pierre-Louis v. Pierre-Louis, 715 So.2d 1073 (Fla. 3d DCA 1998) (holding trial court abused discretion when factual findings were contrary to order making parties equally responsible for income tax liability in year of separation).
However, because the wife is not currently working full time nor is she earning $12 an hour, the trial court’s findings may support an award of rehabilitative alimony for a reasonable period of time to allow her to obtain full-time employment. Accordingly, we reverse the trial court’s award of permanent periodic alimony and remand for the trial court’s consideration of appropriate rehabilitative alimony.
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., concur.